UNITED STATES of America, Plaintiff-Appellee,

v.

Louis Anthony CAGGIANO and Robert Edward Napolitano, a/k/a "Bobby Napp", Defendants-Appellants.

No. 80–5576.

United States Court of Appeals, Fifth Circuit.*
Unit B

Feb. 16, 1982.

Rehearing Denied April 14, 1982.

* Former Fifth Circuit case, Section 9(1) of Public     Law 96–452—October 14, 1980.

Barry A. Cohen, Richard G. Pippinger, Tampa, Fla., for Caggiano.

Jesse V. Dominguez, (Court-appointed), Tampa, Fla., for Napolitano.

Mervyn Hamburg, John Rosenberg, Crim. Div., Appellate Section, U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before MORGAN, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants Louis Caggiano and Robert Napolitano were convicted by a jury of conducting an illegal gambling business in violation of 18 U.S.C. § 1955 (1976), conspiring to conduct an illegal gambling business in violation of 18 U.S.C. § 371 (1976), and failing to register with the Internal Revenue Service as individuals engaged in a gambling business in violation of 26 U.S.C. § 7203 (1976). Finding without merit the points of error they raise on this appeal, we affirm their convictions.

## I.

■ The appellants assign error to the district court's refusal to ask the prospective jurors during the voir dire, "Would any one of you tend to attach greater credibility to [an] employee of the F.B.I. solely because the witness is an employee of the agency?" We hold that the refusal to ask this question was not error. The voir dire questions which the district court did pose, coupled with its cautionary instructions immediately preceding the F.B.I. agent's testimony and again in its charge to the jury, afforded the defendants the protection they sought. *See United States v. Delval*, 600 F.2d 1098 (5th Cir. 1979); *United States v. Gassaway*, 456 F.2d 624 (5th Cir. 1972).

## II.

■ The appellants assign error to the district court's overruling of their objection to the testimony of the F.B.I. agent, Holmes, concerning the connection between the Caggiano-Napolitano-Rodriguez bookmaking operation and the operation of Garrison and Burns. The testimony at issue was that certain bets from Rodriguez to Garrison were layoff bets and that such layoff bets manifested the merging of separate bookmaking businesses into one. The appellants argue that Holmes' testimony was premised on an inaccurate definition of layoff bets, and was therefore not relevant or probative.

The district court determined that Holmes was qualified as an expert in bookmaking and gambling, and for that reason he was permitted to offer his opinion of the nature of the transactions between Rodriguez and Garrison; the appellants do not challenge Holmes' qualifications. The record shows that Holmes' definition of "layoff bet," even if not concisely stated in the precise terms endorsed by this circuit, was accurate and had no potential to mislead the jury. For this reason, we reject the appellants' principal challenge to the admission of Holmes' testimony. We need not address the appellants' other challenges to Holmes' testimony, since they pertain to the weight, and not the admissibility, of that evidence.

## III.

■ The appellants assign error to the district court's denial of their motion to suppress the contents of certain tape recorded telephone conversations, arguing that this evidence was inadmissible because the original wiretap application and order pursuant to which it was obtained were not sealed and maintained as required by statute.[1] Assuming that there was indeed technical noncompliance with the requirement of 18 U.S.C. § 2518(8)(b) that wiretap applications and orders be sealed by the issuing judge, we nonetheless hold that the district court properly overruled the appellants' motion because the procedures actually employed fulfilled the purpose of 18 U.S.C. § 2518(8)(b) and the technical noncompliance did not prejudice the defendants.

■ A failure to comply with the procedures of 18 U.S.C. § 2518(8)(b) *may* render

---

1. The wiretap order was issued by the Chief Justice of the Florida Supreme Court pursuant to Fla.Stat. § 934.01 *et seq.* (1975). The parties agree, however, that the Florida statute is, to the extent pertinent here, identical to the federal wiretap statute, 18 U.S.C. § 2510 *et seq.*

(1976), and that the legislative history and judicial interpretation of the federal act are appropriately considered in construing the Florida act. We therefore proceed as if the federal act were controlling.

an interception unlawful and its fruits inadmissible under 18 U.S.C. § 2518(10)(a)(i).[2] *See, e.g., United States v. Lawson,* 545 F.2d 557, 564 (7th Cir. 1975); *United States v. Chun,* 503 F.2d 533, 542 n.18 (9th Cir. 1974). Such technical noncompliance necessitates suppression, however, only if the violated procedure is a central or a functional safeguard in the statutory scheme to prevent abuses of the wiretap act and if the purpose of the procedure has been frustrated or the procedure has been deliberately ignored. *See, United States v. Diana,* 605 F.2d 1307, 1312 (9th Cir. 1979), *cert. denied,* 444 U.S. 1102, 100 S.Ct. 1067, 62 L.Ed.2d 787 (1980).

■ We will assume that the sealing requirement is a central or a functional safeguard to prevent abuses of the wiretap act. The purpose of the sealing requirement is to preserve the confidentiality of wiretap applications and orders. S.Rep. No. 1097, 90th Cong., 2d Sess., *reprinted in* [1968] U.S.Code Cong. & Ad.News 2112, 2194; *see, United States v. Cantor,* 470 F.2d 890 (3d Cir. 1972). The appellants have not suggested that the procedure which was in fact employed promoted any breach of confidentiality or that they were in any other way prejudiced by the noncompliance with the procedural requirements of 18 U.S.C. § 2518(8)(b); nor do they suggest that the government deliberately circumvented the sealing requirement. Therefore, the contents of the intercepted conversations were properly admitted in evidence.

## IV.

■ Our holdings in Parts II and III of this opinion enable us to dispose quickly of the appellants' contention that the trial court erred by overruling their motion for acquittal on the counts of the indictment charging violation of the federal bookmaking statute and conspiracy to violate that statute. The appellants' argument is that the government did not offer evidence sufficient to establish that they engaged in an

illegal gambling business "involv[ing] five or more persons who conduct[ed], finance[d], manage[d], supervise[d], direct[ed], or own[ed] all or part of such business" as required by 18 U.S.C. § 1955. Agent Holmes' testimony, coupled with the contents of the tape recorded conversations, was more than sufficient to allow the jury to conclude that the Caggiano-Napolitano-Rodriguez bookmaking operation was so linked to the Garrison-Burns operation, which involved at least six persons, as to constitute one business. Thus, we conclude that the government's evidence was sufficient without considering the involvement of Paul Tasanaprasert and Art Reuben, who also had dealings with the Caggiano-Napolitano-Rodriguez book.

## V.

■ The appellants assign error to the district court's refusal to instruct the jury that, "Layoff bets are bets placed by bookmakers for the purpose of ridding themselves of excess wagering to achieve a balanced book." We hold that the instruction actually given, "A layoff bet is a bet by one bookmaker with another in order to hedge against unevenness of bets made by customers," was altogether satisfactory, particularly in light of the accurate discussion of "layoff bet," "balanced book," and unevenness of bets which the jury had heard during the trial.

## VI.

■ Finally, the appellants contend that the district court erred by overruling their motion to dismiss the count of the indictment charging a failure to register with the Internal Revenue Service as individuals engaged in a gambling business in violation of 26 U.S.C. § 7203. Our holding in *United States v. Jeffers,* 621 F.2d 221 (5th Cir. 1980), that the wagering tax laws do not violate the fifth amendment forecloses the appellants' argument to the contrary. Fur-

---

**2.** "Any aggrieved person in any trial ... may move to suppress the contents of any intercepted wire or oral communication ..., or evidence derived therefrom, on the grounds that—

(i) the communication was unlawfully intercepted";
18 U.S.C. § 2518(10)(a).

thermore, each appellant's sentence on this count runs concurrently with the sentences imposed on the bookmaking and conspiracy counts and carries no collateral consequence. Therefore, this is a proper case for the application of the concurrent sentence doctrine. *See, United States v. Thomas,* 593 F.2d 615, 622 (5th Cir. 1979); *cf. United States v. Rubin,* 591 F.2d 278, 280 (5th Cir.), *cert. denied,* 444 U.S. 864, 100 S.Ct. 133, 62 L.Ed.2d 87 (1979).

## VII.

Finding no merit in the points raised in this appeal, we AFFIRM the appellants' convictions.

---

\* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.