966 F.2d 1445
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald David OWEN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold OWEN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Joseph PACK, Defendant-Appellant.
 Nos. 91-5458, 91-5463, 91-5464
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 18, 1992
Decided: June 17, 1992
 
 Appeals from the United States District Court for the Western District of North Carolina, at Asheville. Richard L. Voorhees, Chief District Judge. (CR-90-227-A)
 Stanford K. Clontz, Baley, Baley & Clontz, Ashville, North Carolina, for Appellant Gerald Owen; V. Lamar Gudger, III, Asheville, North Carolina, for Appellant Harold Owen.
 Brian Joseph Pack, Appellant Pro Se.
 Thomas J. Ascraft, United States Attorney, Charlotte, North Carolina; Max O. Cogburnm Jr., Assistant United States Attorney, Asheville, North Carolina for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before RUSSELL, PHILLIPS, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Gerald David Owen, Harold Owen, and Brian Joseph Pack (Appellants) appeal from convictions that stemmed from a conspiracy among Appellants and other co-defendants to distribute cocaine. Eight co-defendants entered guilty pleas, and a jury convicted Appellants of conspiracy and several counts of distribution and possession of cocaine and use of a communication facility in the commission of a felony. Gerald Owen received a sentence of 200 months in prison, Harold Owen 194 months, and Brian Pack 130 months. We affirm their convictions and sentences.
 
 
 2
 After the jury was impanelled and the first witness began testifying, Appellants objected to the admission of any wiretap evidence and any evidence derived from a wiretap of the Owen telephone. Appellants relied exclusively on 18 U.S.C. § 2518(9) (1988), which states, in part:
 
 
 3
 The contents of any wire, oral, or electronic communication intercepted pursuant to this chapter or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court unless each party, not less than ten days before trial, hearing, or proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved.
 
 
 4
 The ten-day period may be waived by the judge if he finds that it was not possible to furnish the party with the information ten days before trial and that the party would not be prejudiced by the delay in receiving the information. Id. The defense maintained that since the government did not comply with § 2518(9), no wiretap evidence or evidence derived from the wiretap could be admitted.
 
 
 5
 After discussing the Defendants' objection, the court unsealed the order and permitted the defense to examine the documents during a recess. After the recess, the defense expressed concerns about certain confidential informants, and the court suggested that perhaps the defense would "like additional time to examine into that question." Defendants maintained that they would not ask for additional time because trial had already started and "no matter how much additional time is given, we can't go back ten days before yesterday morning."
 
 
 6
 The court held that the Defendants waived their objections to the wiretap evidence because they did not move to suppress the evidence under § 2518(10)(a). The court noted the Defendants' continuing objection to the evidence, and proceeded with trial.
 
 
 7
 The availability of suppression for statutory violations, as opposed to constitutional violations, turns on provisions of the wiretap statute "rather than the judicially fashioned exclusionary rule aimed at deterring violations of Fourth Amendment rights." United States v. Donovan, 429 U.S. 413, 432-33 n.22 (1977), citing United States v. Giordano, 416 U.S. 505, 524 (1974). Though the statute does not provide a remedy for noncompliance with § 2518(9), suppression of evidence is generally not required for "technical violations" of the federal wire interception statute in the absence of bad faith conduct on the part of the government. United States v. Couser, 732 F.2d 1207, 1209 (4th Cir. 1984), cert. denied, 469 U.S. 1161 (1985). Suppression is required only for a "failure to satisfy any of those statutory requirements that directly and substantially implement the congressional intention to limit the use of intercept procedures to those situations clearly calling for the employment of this extraordinary investigative device." Giordano, 416 U.S. at 527.
 
 
 8
 Technical noncompliance with the wire interception statute necessitates suppression "only if the violated procedure is a central or a functional safeguard in the statutory scheme to prevent abuses of the wiretap act and if the purpose of the procedure has been frustrated or the procedure has been deliberately ignored." United States v. Caggiano, 667 F.2d 1176, 1179 (5th Cir. 1982). To obtain reversal for a technical violation of § 2518(9), a defendant must make some showing that the government's noncompliance with the statute prejudiced his defense. See United States v. Winter, 663 F.2d 1120, 1153-54 (1st Cir. 1981), cert. denied, 460 U.S. 1011 (1983).
 
 
 9
 Appellants have not demonstrated that the government's failure to furnish them a copy of the court interception order and its application frustrated the purposes of the act or that the government deliberately ignored its procedures. More importantly, Appellants have not established that they suffered any prejudice because they did not receive the information until the day trial commenced. When the court specifically inquired (after Appellants had examined the materials), Appellants declined the opportunity to request additional time to explore any problems with confidential informants who provided information in support of the wire interception. Thus, it is beyond peradventure that trial counsel was not interested in preventing actual prejudice and instead, deliberately pursued a tactical course.
 
 
 10
 On appeal, Appellants suggest that they suffered prejudice because the wiretap evidence constituted the critical part of the government's case against them. (Appellant's brief at 5-7). However, the damaging effect of the wiretap evidence is not at issue. Rather, the proper focus is on whether the violation of the ten-day provision of § 2518(9) caused any prejudice. In this respect, Appellants offer no possible prejudice, and it is difficult to imagine any under these circumstances. Therefore, Appellants have failed to establish prejudice and their claim in this respect is meritless. See Winter, 663 F.2d at 1154.
 
 
 11
 Pro se Appellant Pack raises numerous additional claims in his appeal.* He first alleges that his indictment was defective because it "was obtained on a false statement to the Grand Jury." Pack continues that the indictment did not sufficiently inform him of the drug involved in the use of communication facility counts. The counts refer to use of a communication facility to commit "conspiracy to possess with intent to distribute and distribute illegal narcotic controlled substances."
 
 
 12
 An indictment which is valid on its face cannot be challenged on the ground that it is not supported by adequate or competent evidence. See United States v. Calandra, 414 U.S. 338, 345 (1974); Costello v. United States, 350 U.S. 359, 363 (1956). Since Pack's indictment is valid on its face, his attack based on the grand jury testimony must fail.
 
 
 13
 Although a conviction pursuant to an indictment which omits an element of the offense cannot stand if the omission is raised before the verdict, when the challenge is not raised until after the verdict, every intendment is indulged in support of sufficiency. United States v. Vogt, 910 F.2d 1184, 1201 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3561 (U.S. 1991). The question is whether the necessary facts appear in any form, or by a fair construction can be found within its terms. Id. Since Pack's indictment fairly alerts him to the charged elements, it was proper.
 
 
 14
 Pack reiterates the argument advanced by his co-defendants concerning the government's failure to provide the defendants with the surveillance application and order. For the reasons previously discussed, Pack's argument here is meritless.
 
 
 15
 Pack alleges numerous other defects in the wiretap evidence. First, he alleges that an improper meeting occurred between the court and the prosecutor in chambers without any defense representative present. He states that as a result of this meeting, the court denied him due process when it determined that the wiretap evidence was not "tainted." The record discloses that the court held a hearing in chambers concerning evidence from a confidential informant. The hearing was not recorded, but the court stated:
 
 
 16
 [A]t the in camera hearing the Court took evidence concerning the matters of confidential informant and determined that as a result of the evidence that the evidence being offered in the trial or [sic] is not tainted by the matter in Georgia under the theories advanced by the Defense.
 
 
 17
 Pack asserts that the wiretaps were based on information obtained from confidential sources during an illegal search and seizure of individuals in Georgia. One defense counsel argued that the wiretap came about as a result of information obtained during an illegal stop that occurred in Georgia. Since Pack's attorney did not voice any such objection at trial, he cannot now raise this argument on appeal. See Thurston v. United States, 810 F.2d 438, 444 (4th Cir. 1987).
 
 
 18
 Pack continues that it was improper for the jury to listen to the tapes without a voice analysis expert. Defense counsel objected to the tapes at trial and suggested that it was improper to admit testimony concerning the identity of the voices without voice analysis. An FBI agent identified the speakers before each recorded conversation was played, but because the prosecution did not request it, he was not officially recognized as an expert witness. A trial court has broad discretion in the admission of expert testimony, United States v. Barsanti, 943 F.2d 428 (4th Cir. 1991), and we find no abuse in this respect.
 
 
 19
 Pack next alleges that the prosecutor did not comply with 18 U.S.C. § 2703 (1988) on disclosure of the contents of electronic communication to the government by a provider of electronic communication service, § 2705 on delayed notice to a subscriber or customer, and § 3123(c) on the time period and extensions for use of a pen register. He continues that requested pen records were never furnished. None of these issues were raised by Pack's counsel at trial. In the absence of exceptional circumstances, questions not raised and properly preserved at trial will not be noticed on appeal. Thurston, 810 F.2d at 444.
 
 
 20
 Pack goes on to allege that the prosecution did not comply with procedures of 18 U.S.C. § 2518. He asserts that various orders for wiretaps "are invalid on their face" and that the government failed to produce requested documents. Pack continues that he was prejudiced by an alleged delay in trial of nearly three years and again complains of the method in which he was indicted. None of these issues were raised in the trial court and may not now be raised for the first time on appeal. Thurston, 810 F.2d at 444.
 
 
 21
 Pack alleges that the trial court failed to remain neutral when it ruled against the defense motion to exclude wiretap evidence because the government did not comply with 18 U.S.C. § 2518(9). Pack also alleges that the court improperly assumed the role of the jury by determining quantity and sentenced him incorrectly to a larger quantity than he actually was involved in distributing. He asserts that the court erred in denying his motion to sever. Pack raised none of these issues at trial and cannot now raise them for the first time on appeal. Thurston, 810 F.2d at 444. In addition, bias must stem from an extrajudicial source. Shaw v. Martin, 733 F.2d 304, 308-09 (4th Cir.), cert. denied, 469 U.S. 873 (1984). Bias must be personal, not judicial. United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984). We find no bias in this case.
 
 
 22
 Pack alleges that "confidential informants were used at trial as witnesses without the Government identifying them as Confidential Informants or providing the statements they made as confidential informants." Pack again alleges that this evidence stemmed from an illegal search and seizure in Georgia. He continues that testimony from the FBI agent at sentencing contained hearsay statements which the court used to determine quantity. The record does not contain any transcript of the sentencing hearing.
 
 
 23
 The record discloses that the evidence against the defendants was not based on hearsay as Pack alleges, but on tape-recorded phone conversations and the testimony of co-defendants who pleaded guilty and were cooperating with the government. Pack's claims lack any basis in fact and were not preserved for appellate review by proper objection below.
 
 
 24
 Pack alleges that the jury was "contaminated and tainted" for several reasons. First, Pack alleges that during jury selection, one juror stood up and stated that she could not make a fair decision because she had worked for the federal government and that the defendants had to be guilty. The record does not contain the jury voir dire. Pack concedes that the defense was permitted "one extra selection," but the prejudice of the juror's comments still remained.
 
 
 25
 A juror is presumed impartial and the existence of a preconception is insufficient to rebut the presumption if the juror can lay aside the impression or opinion and render a verdict based on the evidence. Irvin v. Dowd, 366 U.S. 717 (1961); Poynter v. Ratcliff, 874 F.2d 219 (4th Cir. 1989). The burden is on the defendant to show that he was prejudiced by the conduct of voir dire. United States v. Griley, 814 F.2d 967 (4th Cir. 1987). Pack has failed to meet this burden.
 
 
 26
 Pack continues that he was prejudiced in the eyes of the jury when two co-defendants allegedly chose to enter guilty pleas after trial commenced and then testified for the government. The trial court instructed the jury that some defendants listed in the indictment were "no longer a part of this trial" because they were "disposed of apart from this proceeding." In light of the court's curative instruction, Pack has failed to establish that he was prejudiced by the actions of his co-defendants.
 
 
 27
 Pack next complains of the admission of prior bad act evidence relating to marijuana transactions and evidence of a co-defendant's arrest. A district court's ruling in this regard is reviewed for abuse of discretion. United States v. Fells, 920 F.2d 1179 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3838 (U.S. 1991). Pack does not specify exactly what testimony "tainted" Appellants, and he has no standing to challenge the use of an arrest record of a co-defendant. The court fully cautioned the jury on prior bad acts evidence. Based on Pack's conclusory allegation and our reading of the record, we conclude that the district court did not abuse its discretion. In addition, we note that Pack's own counsel brought out that Pack was addicted to cocaine.
 
 
 28
 Pack alleges that it was improper to prosecute him for conspiracy to distribute in excess of five kilograms of cocaine when the evidence established that he was a "social user" who purchased drugs "for joint social use with others." He asserts that "no witness at trial ever allege[d] the Appeallant [sic] possessed more than 1 1/2 grams." The evidence from wiretaps and an FBI agent who testified at trial established that Pack was a participant in a drug distribution network led by Harold and Gerald Owen. The agent testified that they recovered four kilograms of cocaine upon arresting Harold Owen. Appellant's girlfriend also testified that he "brought a gram maybe a gram and a half for us to use" daily from Gerald Owen over the course of a year.
 
 
 29
 Quantities of drugs distributed by co-conspirators are attributable to a Defendant if the conduct was within the Defendant's agreement or reasonably foreseeable to him. United States Sentencing Commission, Guidelines Manual § 1B1.3, comment, (n.1); United States v. Campbell, 935 F.2d 39 (4th Cir.), cert. denied, 60 U.S.L.W. 3309 (U.S. 1991). Whether the entire amount of drugs involved in the overall conspiracy was foreseeable to the Defendant is a question of fact and the district court's determination will be reviewed under the clearly erroneous standard. United States v. Vinson, 886 F.2d 740 (4th Cir. 1989), cert. denied, 493 U.S. 1062 (1990). The government need only prove the quantity of the drug by a preponderance of the evidence. United States v. Powell, 886 F.2d 81 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990). As previously discussed, a preponderance of the evidence at trial amply supported Pack's conviction of, and sentencing for, conspiracy "to unlawfully possess with intent to distribute and distribute in excess of five kilograms of cocaine."
 
 
 30
 Pack alleges that the evidence was insufficient to support his conviction of conspiracy to distribute in excess of five kilograms of cocaine. In evaluating the sufficiency of the evidence to support a conviction, the relevant question is whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).
 
 
 31
 Here we have no trouble concluding that the government's evidence established Pack's guilt beyond a reasonable doubt. A number of witnesses, including Pack's girlfriend, testified regarding drug transactions involving Pack. Additionally, recorded telephone conversations were damaging to Pack and further linked him to the conspiracy. Based on the evidence in this record, there was sufficient evidence of Pack's guilt of the charged offenses.
 
 
 32
 Finally, Pack challenges his sentencing. Pack contends that the district court erroneously computed the amount of drugs for which Pack was accountable. The government need only establish the quantity of drugs by a preponderance of the evidence at sentencing. United States v. Vinson, supra. The record establishes that the government established a quantity of cocaine involved in the conspiracy by a preponderance of the evidence, and the district court's determination was not clearly erroneous. For these reasons, we affirm Pack's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We grant Appellant's motion to supplement his brief and we have considered his supplements in this appeal