**UNITED STATES of America,
Appellee,**

v.

**Pedro AGRAMONTE, Appellant.**

**No. 00–3098.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 2, 2001.

Decided Dec. 28, 2001.

David B. Smith, appointed by the court, argued the cause and filed the brief for appellant.

David B. Goodhand, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were Kenneth L. Wainstein, U.S. Attorney, John R. Fisher, Mary Patrice Brown, Thomas C. Black and John Crabb Jr., Assistant U.S. Attorneys.

Before: EDWARDS and RANDOLPH, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

Opinion for the Court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

A jury convicted Pedro Agramonte of four narcotics-related offenses. Count One alleged conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, 5 kilograms or more of cocaine, and 1 kilogram or more of heroin, in violation of 21 U.S.C. § 846. Count Two charged unlawful distribution of 50 grams or more of cocaine base, in contravention of 21 U.S.C. § 841(a)(1). Count Three charged possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(i). Count Four charged unlawful possession with intent to distribute heroin within 1000 feet of a school, in violation of 21 U.S.C. § 860.

The district court vacated Agramonte's conviction on Count Three, considering it a lesser included offense of his school zone possession with intent to distribute conviction. On Counts One, Two, and Four the court sentenced Agramonte to concurrent terms of imprisonment of 286 months; to terms of supervised release on Counts One and Two of five years, and to eight years of supervised release on Count Four, all to run concurrently; and a special assessment of $100 for each of the three counts.

■ Agramonte's appeal is on the ground that the sentence for each of these three counts contravened *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).* *Apprendi* holds that the Sixth Amendment's guarantee of trial by jury means that any fact—other than a prior conviction—increasing the statutory maximum sentence must be submitted to the jury and proved beyond a reasonable doubt.

■ Convictions under 21 U.S.C. § 841(a)—Count Two of the indictment—can trigger *Apprendi*. The statutory maximums for a violation of § 841(a)(1), which prohibits possession with intent to distribute a controlled substance, vary depending upon the weight of the narcotics. *See* 21 U.S.C. § 841(b)(1)(A)-(C); *see also United States v. Webb*, 255 F.3d 890, 896 (D.C.Cir. 2001). For example, possession with intent to distribute a detectable amount of a schedule II narcotic (a list that includes cocaine base, *see* 21 U.S.C. § 812), carries a maximum term of imprisonment of 20 years. *See* 21 U.S.C. § 841(b)(1)(C). For 5 grams or more of a mixture containing cocaine base, the maximum is 40 years. 21 U.S.C. § 841(b)(1)(B)(iii). For 50 grams or more, the maximum sentence authorized is life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii). Because the punishment for conspiracy to violate § 841(a)(1)—Count One of the indictment—is the same as the punishment for violating § 841(a)(1), *see* 21 U.S.C. § 846, the sentence for conspiracy too may raise *Apprendi* problems.

As to Count Four—possession with intent to distribute in a school zone—21 U.S.C. § 860(a) authorizes a sentence of "twice the maximum punishment" authorized by § 841(b). Agramonte's sentence

---

* In a separate judgment, we affirm the conviction co-defendant Jose Diplan. Agramonte withdrew his brief challenging his conviction and now only contests the sentence he received.

on Count Four does not raise any difficulty under *Apprendi* for reasons we will explain in a moment.

On none of the counts did the district court instruct the jury that it had to find beyond a reasonable doubt any specific amount of drugs attributable to Agramonte. The court instructed instead that the jury need find only a "detectable amount" in order to convict. Agramonte did not object to the jury instructions, but did raise his *Apprendi* error contention at sentencing, *Apprendi* having been decided in the interim. *See* 8/21/00 Tr. at 16.

At sentencing the district court calculated the 286–month term of imprisonment as follows. The court found, by a preponderance of the evidence, 20 kilograms of cocaine and 5 kilograms of heroin attributable to Agramonte. 9/8/00 Tr. at 30:8–17. This resulted in a base offense level of 34. U.S.S.G. § 2D1.1. After adding one level for conduct within 1000 feet of a school, *id.* § 2D1.2, three levels for a leadership role in the offense, *id.* § 3B1.1, and two levels for obstruction of justice, *id.* § 3C1.1, the guideline level totaled 40. This resulted in an applicable range for Agramonte's criminal history category of 292 to 365 months. The court chose to apply the minimum range, and reduced it by another six months because Agramonte faces deportation at the end of his incarceration.

Because the jury was not instructed that it had to attribute any threshold drug weights to Counts One and Two, the government concedes that Agramonte's sentences on these counts violated *Apprendi*. The maximum sentence under 21 U.S.C. § 841(b)(1)(C) for possession or distribution of detectable amounts of drugs is 20 years. Agramonte's sentence of imprisonment on Counts One and Two exceeded the maximum. If he were resentenced on those counts, he could receive no more than 20 years' imprisonment for each.

Count Four is another matter. Even for only detectable amounts of drugs, the school-zone doubling provision of 21 U.S.C. § 860 set his maximum sentence at twice 20 years, or 40 years. His sentence on Count Four was less than the statutory maximum and therefore does not give rise to an *Apprendi* error. Agramonte has two counter arguments relating to Count Four, neither of which amount to anything. The first is that the district court violated *Apprendi* by increasing his base offense level under the Sentencing Guidelines three levels for his leadership role. Although we initially decided in *United States v. Fields* ("*Fields I*"), 242 F.3d 393 (D.C.Cir.2001); *but see In re Sealed Case*, 246 F.3d 696, 698 (D.C.Cir.2001), that *Apprendi* applied to enhancements for a defendant's role in the offense, we corrected that misapprehension on the government's petition for rehearing. *United States v. Fields* ("*Fields II*"), 251 F.3d 1041, 1046 (D.C.Cir. 2001), holds that "*Apprendi* does not apply to enhancements under the Sentencing Guidelines when the resulting sentence remains within the statutory maximum," as it did here and as it always will for leadership role enhancements, *see* U.S.S.G. § 5G1.1. Agramonte asks us to adhere to *Fields I*. But *Fields II* represents the law of the circuit. *See LaShawn A. v. Barry*, 87 F.3d 1389, 1395 (D.C.Cir.1996) (en banc).

Agramonte's second point is that *Apprendi* should be extended to cover situations in which district court findings at sentencing trigger a mandatory minimum sentence. Although the Second Circuit hinted that it might take this step, *see United States v. Garcia*, 240 F.3d 180, 184 (2d Cir.2001), the Supreme Court's decision in *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), is against it, *see Apprendi*, 530 U.S. at 485–87 & n. 13, 120 S.Ct. at 2360–61 n.

13, as is our decision in *In re Sealed Case,* 246 F.3d at 699, in which we refused to disregard the Court's line in *Apprendi* between factors that increase the maximum punishment and those that do not. The Supreme Court may be set to reconsider *McMillan. See United States v. Harris,* 243 F.3d 806 (4th Cir.2001), *cert. granted,* —— U.S. ——, 122 S.Ct. 663, 151 L.Ed.2d 578 (2001). But even if *McMillan* were overruled, this could not assist Agramonte. Nothing the district court (rather than the jury) found resulted in a mandatory minimum with respect to Count Four. The minimum sentence for the Count Four offense of one year's imprisonment depended, not on the weight of the drugs, but on the defendant's having been within 1000 feet of a school while possessing a detectable quantity of drugs with intent to distribute them—a fact submitted to the jury. *See* 21 U.S.C. § 860(a).

■ Although the usual remedy for an *Apprendi* violation is to remand for resentencing, it would be senseless to have the district court resentence Agramonte on Counts One and Two. We are affirming his concurrent sentence of 286 months' imprisonment and eight years of supervised release on Count Four. He therefore cannot benefit from a shorter term of imprisonment or supervised release on the other two counts. This case does not present a situation in which a court imposed a mandatory minimum sentence on an *Apprendi*-infected count, and then imposed an equivalent concurrent sentence on an error-free count within a guidelines range, but above the guidelines minimum. In such a case, we might not be able to say for certain that the error on the first count had no effect on the sentence imposed on the second. But nothing of the sort happened here. The sentence of 286 months was well above the ten-year mandatory minimum sentence that would have been applicable for Counts One and Two had a

jury, rather than the court, determined the attributable drug weights. *See* 21 U.S.C. § 841(b)(1)(A)(i). There is no indication in the record that the court's sentences for Counts One and Two were in any wise based on a mandatory minimum.

■ As to the special assessments levied against Agramonte on each of the three counts, these were not concurrent. But the fines would be the same no matter what term of imprisonment he received on remand. Special assessments of $100 are mandatory for all felony convictions. *See* 18 U.S.C. § 3013(a)(2)(A). The *Apprendi* errors on Counts One and Two are therefore irrelevant to the special assessments. The case is unlike *Ray v. United States,* 481 U.S. 736, 107 S.Ct. 2093, 95 L.Ed.2d 693 (1987) (per curiam), which spelled the death knell for the concurrent sentence doctrine as applied to review of convictions. The defendant there had been given concurrent sentences on three counts. The court of appeals, having affirmed Ray's conviction on two counts, declined to review his conviction on the third, thinking this could have no effect on the amount of time he would serve. The Supreme Court reversed on the ground that Ray was "not in fact serving concurrent sentences," *id.* at 738, 107 S.Ct. at 2093, because a separate $50 special assessment had been imposed on each count.

Agramonte's sentence on Count Four is affirmed. The *Apprendi* error with respect to Counts One and Two is harmless, *see* Fed.R.Crim.P. 52(a), and entitles him to no relief.

*So ordered.*