IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-30186
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DERRICK DAVIS, aka "D",

Defendant - Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
(01-CR-81-2)

December 4, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

A jury convicted appellant of conspiracy, 21 U.S.C. § 846 (1999), to possess with intent to

distribute crack in violation of 21 U.S.C. § 841(a), and for using a telephone to commit the

possession with the intent to distribute crack offense, in violation of 21 U.S.C. § 843(b). Appellant

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

challenges the sufficiency of the evidence supporting the verdict and the sentences on both counts. We find the evidence sufficient to support the verdict, and we find no reversible error in the sentence on the conspiracy count. However, the sentence imposed on the telephone count exceeds the statutory maximum, so we modify that sentence to reduce it to the statutory maximum.

## I. FACTS AND PROCEEDINGS

Derrick Davis was among eight defendants indicted for a drug conspiracy. The government filed a bill of information, pursuant to 21 U.S.C. § 851(a), alleging that Davis had previously pleaded guilty to cocaine possession in Louisiana state court. At trial, a series of intercepted phone conversations revealed that a person identifying himself as "D" arranged to buy, on two separate occasions, blocks of crack cocaine from alleged co-conspirator Jerome Caulfield. Caulfield and three other co-conspirators, Steven Brown, Sheanean Washington, and Davis' older brother Joseph Davis, all testified that the person on the tape was Derrick Davis. The jury found him guilty of conspiracy to possess with intent to distribute more than 50 grams of crack and guilty of using a telephone in a drug trafficking offense. The jury separately found that no powder cocaine was involved.

Immediately after the jury verdict, the district court addressed Davis with regard to the § 851 bill of information, and Davis affirmed that he had indeed been convicted of cocaine possession in Louisiana state court. The pre-sentence investigation report determined that the guideline sentencing range would be 188 to 235 months, but concluded that the statute, 21 U.S.C. § 841(b)(1), required Davis be sentenced to a minimum of 20 years imprisonment. Neither party objected to the pre-sentence investigation report.

The district court sentenced Davis to 20 years imprisonment and ten years supervised release for the conspiracy count, and sentenced him to eight years imprisonment and one year supervised release

2

on the telephone count. The imprisonment and supervised release were ordered to run concurrently. Davis was ordered to pay $100 special assessment on each count.

## II. ANALYSIS

A. Sufficiency of the Evidence

Davis challenges the sufficiency of the evidence of the conviction on the ground that there was insufficient evidence that he was the caller "D." First, he asserts that the witnesses against him—convicted drug traffickers seeking lenient sentences—were not believable. Second, Davis alleges that the substance of the calls contradicted the identifications. In particular, Davis points out that, in the taped conversations, Brown and Caulfield appeared not to recognize the voice of the person identifying himself as "D" but were nevertheless able to identify the voice at trial.

In reviewing a sufficiency of the evidence challenge, we ask only whether a rational jury, viewing the evidence in the light most favorable to the government, could have found the essential elements of the offense beyond a reasonable doubt. *United States v. Nalasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002). We do not consider whether the jury correctly determined innocence or guilt, but whether the jury made a rational decision. *Id*.

The jury is the final arbiter of the credibility of witnesses, *United States v. Restrepo*, 994 F.2d 173, 182 (5th Cir. 1993), and "[w]e have held that a guilty verdict may be sustained if supported only by the uncorroborated testimony of a coconspirator, even if the witness is interested due to a plea bargain or promise of leniency, unless the testimony is incredible or insubstantial on its face." *United States v. Bermea*, 30 F.3d 1539, 1552 (1994). "To be considered incredible as a matter of law, a witness' testimony must assert facts that the witness physically could not have observed or events that could not have occurred under the laws of nature." *United States v. Gadison*, 8 F.3d 186, 190 (5th

3

Cir. 1993).

The jury was well aware t hat the witnesses stood to gain by identifying Davis as "D" because defense counsel raised the issue on cross examination of each of the four witnesses. Moreover, the jury was instructed that testimony from accomplices who plea bargain "is always to be received with caution." After reviewing the record, none of the asserted contradictions render the testimony incredible as a matter of law, especially considering that Davis' own brother identified Davis' voice as the voice of "D" at trial. We conclude the jury had sufficient evidence to convict Davis.

B. Sentencing for the Conspiracy Count

Drug conspirators are subject to the penalties provided in the predicate offense. 21 U.S.C. § 846. The predicate offense in Davis' case, possession with intent to distribute over 50 grams of crack, 21 U.S.C. § 841(a)(1), carries a mandatory minimum sentence of 20 years imprisonment if the defendant had previously been convicted of a felony drug offense. 21 U.S.C. § 841(b)(1). To enhance a sentence based upon a prior conviction, the government is required, before trial, to file a bill of information with the court stating the prior conviction. 21 U.S.C. § 851(a). The district court is required, before sentencing, to ask the defendant whether he denies or affirms the prior conviction; a defendant who denies the prior conviction may request a hearing. 21 U.S.C. § 851(b).

In an extended § 851 colloquy with the district court, Davis affirmed four times that he was convicted in Louisiana state court of cocaine possession, and he stated three times that he understood that he could ask for a hearing. Nevertheless, Davis urges this Court to vacate his sentence on the conspiracy count because the district judge failed to fully inform him of the consequences of that concession— i.e., that Davis would be facing a mandatory minimum of 20 years imprisonment. The district court's colloquy, according to Davis, misled him into thinking that the enhancement was only

4

a *possibility* when, in fact, the enhancement was automatic.[1]

---

[1]The colloquy went as follows:

THE COURT: Mr. Davis, your attorney advised me that you wish to plead guilty to the multiple offender bill. The multiple offender bill basically charges that you have a prior conviction, and based upon that prior conviction, that might affect what sentence you will get under the guidelines. In terms of that particular multiple bill, I will read it to you. It charges that in Count 1, that on or about November 20, 1998, Derrick Davis pled guilty to possession of cocaine in Criminal District Court of New Orleans, Louisiana under case number 395131-A and received a sentence of two years in the custody of the Department of Corrections, which was suspended, and he was placed on probation. This bill of information is filed pursuant to the requirements of Title 21, United States Code, Section 851(a).

Do you understand the charge in the multiple bill, Mr. Davis?

THE DEFENDANT, DERRICK DAVIS: No, Your Honor.

THE COURT: You don't understand it?

THE DEFENDANT, DERRICK DAVIS: No.

THE COURT: You don't? Well, the question is whether or not you're the same person that was convicted back on November 20th of 1998 and sentenced to two years suspended and placed on probation.

THE DEFENDANT, DERRICK DAVIS: Yes, sir.

THE COURT: Are you the same person?

THE DEFENDANT, DERRICK DAVIS: Yes, sir.

THE COURT: Do you understand that the Government is going to be try to use that information in order to seek an enhancement of your sentence? [sic] Basically, what that means is this: If you're the one and the same person and if there's a basis for enhancing your sentence over and above what you would ordinarily receive had you not had the prior conviction, then you may be facing more time. Do you understand that?

THE DEFENDANT, DERRICK DAVIS: Yes, sir.

THE COURT: Instead of admitting that you're the same person that had the prior conviction, you have a right to have a hearing, a hearing to determine whether or not indeed you are the same person, whether or not that was the sentence that was pronounced. The Government will be required to prove that information by reliable evidence, whether that's certified documents of the conviction or other witness to show you're one and the same person.

You understand your right to that hearing?

THE DEFENDANT, DERRICK DAVIS: Yes, sir.

THE COURT: By admitting that you're one and the same person, there would then be no hearing to establish that because that would be the only purpose of the hearing, to establish that you're one and the same person that had that prior conviction noted in the bill. Do you understand that?

THE DEFENDANT, DERRICK DAVIS: Yes, your honor.

THE COURT: Do you want to have the hearing to establish that, or you're admitting that you're the same person?

THE DEFENDANT, DERRICK DAVIS: I'm the same person.

THE COURT: All right. You understand that by admitting you're the same person, you're voluntarily waiving your rights, understanding the consequences? In other words, that there would be no hearing, so that the Government can, by admitting this, can argue—I'm not saying that they're going to get this—but they can argue at sentencing that that's a basis to enhance your sentence. I know you're not agreeing to that enhancement of sentence, but the Government would have a right to argue that. Do you understand that?

THE DEFENDANT, DERRICK DAVIS: Yes, sir.

THE COURT: Do you still admit that you're the same person?

THE DEFENDANT, DERRICK DAVIS: Yes, Your Honor.

THE COURT: Anybody forced, threatened, intimidate you to anyway to admit you're the same person? [sic]

THE DEFENDANT, DERRICK DAVIS: No, Your Honor.

Because Davis raises this issue for the first time on appeal, he concedes that our review is only for plain error. To demonstrate plain error, Davis must show an (1) error that is (2) clear or obvious, and (3) which affects substantial rights. *United States v. Olano*, 507 U.S. 725, 734-35 (1993). We may exercise discretion to notice the forfeited issue only if (4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceeding. *Johnson v. United States*, 520 U.S. 461, 467 (1997).

Section 851(b) does not require, at least on its face, the district court to inform a defendant whenever conceding a prior conviction would result in an automatic enhancement: "the court shall after the conviction but before the pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence."

Davis persists that the Due Process Clause of the Constitution requires an affirmative showing on the record that he understood the full consequences of the § 851 admission, in the same way that a guilty plea must be knowing and intelligent under *Boykin v. Alabama*, 395 U.S. 238 (1969).

We can find no controlling authority holding that the Constitution requires the district court to say anything more than is in § 851. And, considering that we have held that *Boykin* only has limited application in a multiple offender proceeding, *see Joseph v. Butler*, 838 F.2d 786, 789-92 (5th Cir. 1988)*; Buckley v. Butler*, 825 F.2d 895 (5th Cir. 1987), the error, if any, is far from clear or obvious.

We note additionally that the error, if any, would be harmless. The prior conviction was stated in the pre-sentence investigation report, to which Davis did not object. Moreover, Davis "has neither argued in this court that he would have raised a challenge to his prior convictions had he been warned

nor appraised us of whether he even has a viable challenge." *See United States v. Garcia*, 954 F.2d 273, 277-78 (5th Cir. 1992).[2]

C. Sentencing for the Telephone Count

Davis argues that his eight-year sentence for the telephone count must be vacated because the statutory maximum is four years. As a threshold matter, the government is correct that we need not reach this matter because under the "concurrent sentence doctrine" the existence of one valid conviction (the conspiracy count) makes unnecessary the review of other convictions which run concurrently with the valid conviction. *See United States v. Caggiano*, 667 F.2d 1176, 1179-80 (5th Cir. 1982).[3] However, the concurrent sentence doctrine is not a *jurisdictional* bar to reviewing a concurrent sentence, *see Benton v. Maryland*, 395 U.S. 784, 789-91 (1969), and whether to review the concurrent sentence is a matter of discretion. *See Barnes v. United States*, 412 U.S. 837, 848 n.16 (1973). The purpose of the doctrine is "judicial convenience and economy," and we decline to apply it here because the issue is straightforward.

The district court apparently assumed that because Davis had a prior drug conviction, the four-

---

[2]Davis argues that the base level of his offense under the Sentencing Guidelines should have been 32, not, as the pre-sentence investigation report states, 34. Davis concedes, and we agree, that this issue is rendered moot by the affirmance of the 20-year mandatory minimum for the conspiracy count.

[3]Davis argues that the concurrent sentence doctrine should not apply at all because, under *Ray v. United States*, 481 U.S. 736 (1987), the sentences are not concurrent. The Court of Appeals in *Ray* had affirmed two counts of Ray's conviction and decided it need not review the third count because that count ran concurrent with the other two. *Id*. at 736-37. The Supreme Court reversed and pointed out that Ray, who sought to *vacate* (not merely shorten) the sentence, had been ordered to pay $50 for each count, and concluded that the sentences were not concurrent for purposes of the concurrent sentence doctrine. *Id*. We conclude that *Ray* is inapplicable where, as here, the defendant's challenge would have no effect on either the sentence *or the fine*. *See United States v. Agramonte*, 276 F.3d 594, 597-98 (D.C. Cir. 2001); *United States v. Prado*, 25 F.3d 1187, 1194 n.6 (1994); *cf. United States v. Stovall*, 825 F.2d 817, 824 (5th Cir. 1987) (applying concurrent sentence doctrine after *Ray* because the district court, apparently erroneously, failed to impose a special assessment against defendant for any counts). The 20-year mandatory minimum for the conspiracy count is far above either the eight- or four- year maximum for the telephone count, and a special assessment of $100 would be required for the telephone count whether the sentence was four or eight years. 18 U.S.C. § 3013(a)(2)(A).

year statutory maximum was upped to eight years. *See* 21 U.S.C. § 843(d)(1). The eight-year provision, however, plainly applies only to *federal* convictions: "if any person commits such a violation after one or more prior convictions of him for violation of this section, or for a felony under any other provision of this title or title III or other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 8 years, a fine of not more than $60,000, or both." *Id*.

Davis concedes that his failure to raise this issue in the district court reduces our standard of review to plain error. However, "a sentence which exceeds the statutory maximum is an illegal sentence and therefore constitutes plain error." *United States v. Sias*, 227 F.3d 244, 246 (5th Cir. 2000). Because the district court imposed what it erroneously believed to be the statutory maximum, there is no need to remand for another sentencing hearing just to allow the district court to impose the proper statutory maximum. Rather, in the interest of judicial economy, we modify the sentence on the telephone count to four years imprisonment, instead of eight.

### III. CONCLUSION

For the stated reasons, the judgment of the district court is AFFIRMED with respect to the conviction on both counts and the sentence on the conspiracy count, and AFFIRMED AS MODIFIED with respect to the sentence on the telephone count.