JUDGMENT

This cause was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties. For the reasons presented in the accompanying memorandum opinion, it is
ORDERED AND ADJUDGED that the judgment of the district court be affirmed.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

MEMORANDUM

In the direct appeal of his conviction of drug conspiracy and possession with intent to distribute 50 grams or more of cocaine and cocaine base, this court rejected appellant’s challenge that the district court had imposed a sentence in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). United *879 States v. Agramonte, 276 F.3d 594 (D.C.Cir.2001). Now he appeals the denial of a motion under 28 U.S.C. § 2255, claiming successor appellate counsel was ineffective because that counsel withdrew an initial appellate brief, submitted by his first appellate counsel, that had argued certain evidence had been erroneously admitted under Federal Rule of Evidence 404(b). At the core is appellant’s claim that evidence about unrelated drug activity in Philadelphia was not relevant and served only to suggest that because he was involved in drug activities in Philadelphia he must be guilty of the charged offenses. Because appellant shows neither that successor appellate counsel was deficient nor that counsel’s performance prejudiced his defense, we find no ground for reversal. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); United States v. Toms, 396 F.3d 427, 432-33 (D.C.Cir.2005).
In the district court proceeding on appellant’s § 2255 challenge, successor appellate counsel from the direct appeal submitted an affidavit explaining he decided not to pursue the Rule 404(b) issue on direct appeal because he concluded the district court had not abused its discretion. The district court limited admission of the objected-to Rule 404(b) evidence and allowed admission of the Philadelphia evidence only after receiving detailed justifications from the government. The evidence was relevant to at least the conspiracy charge; as appellant was not found in possession of any drugs, admission of the tools-of-the-trade evidence showed appellant knew how to get and sell drugs, was knowledgeable about drug trafficking practices, and had a modus operandi. The district court gave limiting instructions to the jury on two occasions, including during the final jury instructions. Under circuit precedent admission of the Rule 404(b) evidence was not an abuse of discretion. See, e.g., United States v. Pettiford, 517 F.3d 584, 588-89 (D.C.Cir. 2008); In re Sealed Case, 488 F.3d 1011, 1019 (D.C.Cir.2007); United States v. Cassell, 292 F.3d 788, 793 (D.C.Cir.2002); United States v. Crowder, 141 F.3d 1202, 1206-07 (D.C.Cir.1998) (en banc).
Appellant thus presents no basis to reverse the district court’s ruling that appellate counsel made a reasonable tactical decision in choosing to forego a Rule 404(b) challenge. See Strickland, 466 U.S. at 690, 104 S.Ct. 2052; Jones v. Barnes, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); see also United States v. Catlett, 97 F.3d 565, 571 (D.C.Cir.1996). For the same reasons, appellate counsel did not “fail[] to raise a significant and obvious issue,” as the inquiry was framed in Gray v. Greer, 800 F.2d 644 (7th Cir. 1985), on which appellant relies. Appellant’s claim that successor appellate counsel’s performance was deficient is based on a false premise that because the jury could have believed a co-conspirator who testified on behalf of the government, the government had no need to introduce evidence to show appellant’s intent, knowledge, and lack of mistake. But unlike the defendant in United States v. Linares, 367 F.3d 941 (D.C.Cir.2004), on which appellant relies, he was not caught redhanded with the contraband in his possession, and he meaningfully challenged the government’s evidence through impeachment on cross examination. The Rule 404(b) evidence was thus neither irrelevant under Rule 401, nor unfairly prejudicial under Rule 403. Pettiford, 517 F.3d at 589-90.
Appellant urges that the trial court’s alleged error in admitting the Rule 404(b) evidence was not harmless because the government’s evidence was otherwise “scant,” Reply Br. 5. He thereby ignores the co-conspirators’ extensive testimony *880 about appellant’s involvement with the conspiracy. Thus, appellant also cannot show a reasonable probability that the outcome of the case could have been different had successor appellate counsel raised the issue of the Rule 404(b) evidence, Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
Finally, appellant contends that successor appellate counsel was ineffective for failing to appeal the district court’s allowance of rebuttal testimony and admission of a video tape of appellant apparently involved in a drug sale in response to appellant’s testimony that he had never sold drugs anywhere. This evidence was admissible impeachment evidence, not Rule 404(b) evidence, and the district court appropriately both cabined the scope of evidence and gave appropriate limiting instructions.