UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES OF AMERICA                )
                                        )
    v.                                  )        Criminal No. 99-0043-6 (PLF)
                                        )
PEDRO AGRAMONTE,                        )
                                        )
        Defendant.                      )
_____)


MEMORANDUM OPINION AND ORDER

On April 28, 2005, this Court issued a Memorandum Opinion and Order denying

defendant Pedro Agramonte's claims that he was entitled to relief under 28 U.S.C. § 2255. See

United States v. Agramonte, 366 F. Supp. 2d 83 (D.D.C. 2005). Mr. Agramonte now purports to

seek *vacatur* of the Court's April 28, 2005 Memorandum Opinion and Order pursuant to Rule

60(b) of the Federal Rules of Civil Procedure. See Petitioner's Motion under Federal Rules of

Civil Procedure Rule 60(b)(4) & (6) ("Mot."). Because Mr. Agramonte is not entitled to relief

under any provision of Rule 60 and seeks to advance substantive arguments that have already

been rejected by this Court and the court of appeals, his motion will be denied.

Rule 60(b)(4) of the Federal Rules of Civil Procedure provides that a court "may

relieve a party . . . from a final judgment [or] order" if that judgment or order "is void." FED. R.

CIV. P. 60(b)(4).[1] Mr. Agramonte contends that this Court's Memorandum Opinion and Order

denying his petition for habeas corpus relief was "void for lack of jurisdiction." Mot. at 5.

_____
[1]     Mr. Agramonte also purports to proceed under Rule 60(b)(6) of the Federal Rules
of Civil Procedure, which permits a court to grant relief from an order for "any other reason that
justifies relief." FED. R. CIV. P. 60(b)(6). Mr. Agramonte has presented no such "other reason."

Having made that conclusory assertion, however, Mr. Agramonte fails to present any argument demonstrating that this Court was without jurisdiction to render a decision on his petition. Instead, he asserts that his criminal sentence, which became final on February 25, 2002, is invalid because it was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005). See Mot. at 4. Such substantive attacks on the legality of a sentence may not be presented in a motion under Rule 60. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). Even if they could be so presented, these arguments have previously been considered and rejected by this Court and by the court of appeals. See United States v. Agramonte, 276 F.3d 594, 598 (D.C. Cir. 2001) (finding that Mr. Agramonte is not entitled to any relief under Apprendi); id., 366 F. Supp. 2d at 89 (concluding that the rule announced in Booker is not retroactive and so is inapplicable to Mr. Agramonte's case). Mr. Agramonte's motion thus lacks any merit. Accordingly, it is hereby

ORDERED that [659] Mr. Agramonte's Motion under Federal Rules of Civil Procedure Rule 60(b)(4) & (6) is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 28, 2011