## RAY *v.* UNITED STATES

No. 86–281.   Argued April 28, 1987—Decided May 18, 1987

*Joseph A. Connors III* argued the cause for petitioner. With him on the brief was *Matias Morin, Jr.*

*Deputy Solicitor General Bryson* argued the cause for the United States.   With him on the brief were *Solicitor General Fried, Assistant Attorney General Weld,* and *Andrew J. Pincus.*

Per Curiam.

Petitioner was found guilty of one count of conspiracy to possess cocaine with intent to distribute, and two counts of possession of cocaine with intent to distribute.   He was sentenced to concurrent 7-year prison terms on all three counts, and to concurrent special parole terms of five years on the two possession counts.   The Court of Appeals affirmed peti-

tioner's conspiracy conviction and one of his possession convictions. *United States* v. *Sandoval,* 791 F. 2d 929 (CA5 1986) (judg. order). Applying the so-called "concurrent sentence doctrine," the court declined to review the second possession conviction because the sentences on the two possession counts were concurrent. We granted certiorari to review the role of the concurrent sentence doctrine in the federal courts. 479 U. S. 960 (1986).

It now appears, however, that petitioner is not in fact serving concurrent sentences. Title 18 U. S. C. § 3013 (1982 ed., Supp. III) provides that district courts shall assess a monetary charge "on any person convicted of an offense against the United States." Pursuant to this section, the District Court imposed a $50 assessment on each count, in addition to the concurrent prison and parole terms, for a total of $150. Since petitioner's liability to pay this total depends on the validity of each of his three convictions, the sentences are not concurrent. The judgment of the Court of Appeals is therefore vacated, and the cause is remanded to that court so that it may consider petitioner's challenge to his second possession conviction.

*It is so ordered.*