124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arel B. HAWKINS, Defendant-Appellant.
 No. 96-3071.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 7, 1997.*
Filed Aug. 18, 1997.
 
 Appeal from the United States District Court for the Southern District of Indiana, New Albany Division, No. 4:96CR00006-001; Sarah Evans Barker, Chief Judge.
 Before POSNER, Chief Judge and EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 The Farmers Home Administration foreclosed on its mortgage loan to Arel Hawkins, who owed more than $1.1 million. After the farm was sold at auction to satisfy part of the debt, the district court ordered Hawkins to vacate the property so that the new owner could take possession. Hawkins did not leave and had to be removed. The sale occurred in January 1996; the date for departure was in February 1996; but Hawkins was still there in April. A judge held Hawkins in civil contempt but allowed him seven days to purge the contempt by departing the farm. When Hawkins did not comply, he was arrested on a bench warrant and prosecuted for criminal contempt of court. Hawkins was convicted in a bench trial. His sentence--five days' imprisonment, followed by three months' probation during which he was to perform eight days of community service--has been served, and the United States contends that his appeal is moot.
 
 
 2
 It is not moot. Whether or not the expiration of the custodial sentence would make the case moot under the standard for direct appeals in criminal cases, compare Sibron v. New York, 392 U.S. 40, 51-58 91968), with St. Pierre v. United States, 319 U.S. 41 (1943), this conviction has a financial consequence: a special assessment of $10. That is a trifle, to be sure, but the same trifle has wiped out the concurrent-sentence doctrine. Ray v. United States, 481 U.S. 736 (1987). No case with monetary stakes can become moot, because the money can change hands a second time to undo the original judgment.
 
 
 3
 Hawkins's principal argument on the merits is that the criminal prosecution violates the double jeopardy clause of the fifth amendment, in light of the civil contempt adjudication. He does not cite any authority for this proposition, which is inconsistent with the principle that a civil sanction does not preclude a criminal prosecution. See United States v. Ursery, 116 S.Ct. 2135 (1996). None of his other arguments requires comment. The tenor of his presentation--which includes statements such as "I would like to know where the court has jurisdiction to issue writs on private property"--suggests more an unwillingness to acknowledge the power of the district court (and the authority of the laws of the United States) than a cognizable legal argument.
 
 AFFIRMED
 
 
 *
 After an examination of the briefs and the record, we have conclude that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)