IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51015
Summary Calendar
_____

UNITED STATES OF AMERICA

            Plaintiff - Appellee

    v.

GERALD WAYNE ATKINSON

            Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-103-1-FB
--------------------

August 7, 2000

Before KING, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Gerald Wayne Atkinson (Atkinson) appeals his conviction after trial by jury of one count of attempted bank robbery and of one count of bank robbery.  Atkinson argues that the evidence was insufficient to prove intimidation, an element of bank robbery under 18 U.S.C. § 2113(a).

    Under the concurrent sentence doctrine, the existence of one valid sentence makes unnecessary the review of other sentences that run concurrently with it.  See United States v. Stovall, 825 F.2d 817, 824 (5th Cir. 1987).  Applying the doctrine in a

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

manner that removes the adverse collateral consequences of the sentence, we have adopted the policy of vacating the unreviewed sentence and suspending imposition of that sentence. <u>Id</u>. This doctrine does not apply when the defendant's liability for a special assessment depends on the validity of each of the convictions. See <u>Ray v. United States</u>, 481 U.S. 736, 737 (1987).

The district court sentenced Atkinson to concurrent 57-month terms of imprisonment and three-year terms of supervised release for each of the two counts on which he was convicted. It only imposed a $100.00 special assessment with respect to count two. As Atkinson's monetary sanctions do not depend on the validity of each count, we review the sufficiency of the evidence as to count two only and vacate the sentence imposed under count one. The unreviewed conviction in no way alters the jury's verdict or the conviction itself. See <u>United States v. Montemayor</u>, 703 F.2d 109, 116 (5th Cir. 1983). The effect of this judicial action is to suspend imposition of the sentence. <u>Id</u>.

"In evaluating the sufficiency of the evidence, this court must determine whether a rational jury could have found evidence establishing intimidation beyond a reasonable doubt." <u>United States v. Baker</u>, 17 F.3d 94, 96 (5th Cir. 1994). We consider the evidence in the light most favorable to the verdict, accepting all reasonable inferences that support the jury's verdict. <u>Id</u>.

"As used in § 2113(a), the term 'intimidation' means 'to make fearful or to put into fear.'" <u>United States v. McCarty</u>, 36 F.3d 1349, 1357 (5th Cir. 1994). Proof of an express verbal threat, a threatening display of a weapon, or actual fear is not

required.  Id.  The Government must show only that an ordinary person in the teller's position would feel a threat of bodily harm from the defendant's acts.  Id.

The facts of this case are similar to the facts of McCarty. In McCarty, a long-haired robber exhibited a "foreboding presence."  Id. at 1357, 1359.  He wore a fake beard, wig, dark clothing, gloves, and a cap.  Id. at 1357.  He carried a black bag.  Id.  The robber presented the teller with a note that said, "Be calm.  This is a robbery."  Id.  The robber did not display a gun or speak to the teller.  Id. at 1357-58.  The teller did not testify directly that she was afraid, but from her testimony the jury could "glean" her fear.  Id.  Although we reviewed this case under the plain error standard of review, we noted the evidence satisfied the sufficiency of the evidence standard because "a rational jury could have found, beyond a reasonable doubt, that an ordinary person in [the teller's] position would feel a threat of bodily harm from [the robber's] acts."  Id. at 1359.

Similarly, in this case, Atkinson presented the teller with a note that immediately described his confrontation with her as a "hold-up."  The note demanded that she fill his backpack with cash, hand over larger denominations first, and avoid devices that might foil his robbery.  The note also told her to hurry. The teller testified that although Atkinson did not exert or expressly threaten physical force or violence, she feared for her safety and the safety of others, noting that she was concerned that Atkinson might have a gun.  Atkinson's physical appearance was foreboding.  He was dirty and unshaven, and he wore a heavy

jacket in warm weather that could have concealed a gun. Accordingly, the evidence introduced with respect to count two of the indictment was sufficient to prove intimidation.

Conviction on count two AFFIRMED; conviction on count one VACATED under concurrent sentence doctrine.