**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 13, 2010
Decided July 15, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-3035

|   |   |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *Plaintiff-Appellee,* | |
| *v.* | No. 07-CR-123 |
| DARIN D. BOWIE, | Lynn Adelman, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

A jury in Milwaukee, Wisconsin, found Darin Bowie guilty on multiple counts of trafficking cocaine. *See* 21 U.S.C. §§ 841(a)(1), 846. Bowie was sentenced to a total of 235 months' imprisonment and 5 years' supervised release. He filed a notice of appeal, but his appointed lawyer has concluded that the case is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). We review only the potential issues identified in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002), and in Bowie's response, *see* CIR. R. 51(b).

In his *Anders* submission, counsel first evaluates whether Bowie could argue that the delay in bringing him to trial violated the Speedy Trial Act, 18 U.S.C. §§ 3161-74. But by failing to seek dismissal on this ground in the district court, Bowie waived his right to

enforce the Act's time limit. *See id.* § 3162(a)(2); *United States v. Gearhart*, 576 F.3d 459, 462 (7th Cir. 2009). His waiver precludes us from applying even plain-error review, *see United States v. Broadnax*, 536 F.3d 695, 699 (7th Cir.), *cert. denied,* 129 S. Ct. 665 (2008), so any argument under the Speedy Trial Act would be frivolous.

Counsel next questions whether Bowie could challenge the jury's verdict on the one conspiracy count as lacking evidentiary support. (Bowie received fully concurrent sentences on all counts, but after *Ray v. United States*, 481 U.S. 736 (1987), a court of appeals cannot use the concurrent-sentence doctrine to bypass this question, *see United States v. Moon*, 512 F.3d 359, 363 (7th Cir. 2008).) The government charged that Bowie conspired with five others to distribute cocaine. One of the five, Calvin Coleman, testified that he sold Bowie four-and-a-half ounces of cocaine on a weekly basis for about a year. Coleman said he occasionally "fronted" the drugs, which he defined as making delivery without demanding immediate payment. Coleman acknowledged, however, that he did not advise or supervise Bowie, nor did he impose quotas on the amounts of cocaine that Bowie could or must move. Coleman emphasized that he viewed Bowie as a mid-level customer and "his own man." Several other witnesses testified that Bowie had sold them cocaine using coded language and knew that they resold the drugs. All of them conceded, though, that Bowie demanded payment up front and was not their only source of supply.

We would view the evidence in the light most favorable to the government and uphold the verdict if any rational jury could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Mitten*, 592 F.3d 767, 776 (7th Cir. 2010). To convict Bowie on the § 846 count, the government was required to establish that he knowingly agreed with at least one other person to possess cocaine for distribution. *See United States v. Taylor*, 600 F.3d 863, 868 (7th Cir. 2010); *United States v. Avila*, 557 F.3d 809, 814 (7th Cir. 2009). Hallmarks of a conspiracy include, among other things, sales on consignment or credit. *E.g., United States v. Dean*, 574 F.3d 836, 843 (7th Cir. 2009); *United States v. Colon*, 549 F.3d 565, 569 (7th Cir. 2008); *United States v. Bender*, 539 F.3d 449, 454 (7th Cir. 2008), *cert. denied,* 129 S. Ct. 2415 (2009); *Moon*, 512 F.3d at 364. Here, the "fronting" described by Coleman was a sale on credit. (Consignment sales permit the middleman to return unused drugs and are quintessential evidence of a conspiracy, *see United States v. Johnson,* 592 F.3d 749, 755 n.5 (7th Cir. 2010), but there is no evidence that Bowie could return the drugs.) Not all credit sales will support an inference that seller and buyer have reached an agreement to distribute drugs. *Johnson,* 592 F.3d at 756 n.5. But evidence of credit sales "coupled with certain characteristics inherent in an ongoing wholesale buyer-seller relationship," e.g., large quantities of drugs or repetitive transactions, is sufficient to distinguish a conspiracy from a nonconspiratorial buyer-seller relationship. *Id.* Coleman testified that he sold a specific amount of cocaine to Bowie on credit every week for almost a year, and thus we agree with appellate counsel that it would

be frivolous to argue that no rational jury could have found that the two men were conspirators. *See United States v. Fouse,* 578 F.3d 643, 649-50 (7th Cir. 2009) (upholding jury's verdict that he engaged in conspiracy where defendant bought on credit, worked with others to sell drugs, and coordinated prices); *United States v. Fuller*, 532 F.3d 656, 662-63 (7th Cir. 2008) (upholding conspiracy conviction where defendant bought from dealer on steady basis every week or two over five-month relationship, used code words to discuss types and amounts of drugs, and bought on credit).

As far as sentencing, counsel and Bowie (in his Rule 51(b) response) consider arguing that it was clear error to assign a drug quantity of 15 to 50 kilograms of cocaine. *See, e.g., United States v. Vaughn*, 585 F.3d 1024, 1031 (7th Cir. 2009), *cert. denied,* 78 U.S.L.W. 3714 (U.S. June 07, 2010) (No. 09-8988). But any argument about the quantity finding would be frivolous because after he was arrested, Bowie confessed to selling half a kilogram per week for 18 months. *See United States v. Johnson*, 342 F.3d 731, 734 (7th Cir. 2003) (explaining that drug dealer's post-arrest statements are especially reliable in establishing the extent of trafficking).

In his Rule 51(b) response, Bowie proposes to argue that *Apprendi v. New Jersey,* 530 U.S. 466 (2000), required the jury to decide the amounts of cocaine involved. But this argument would be frivolous because Bowie was sentenced below the 20-year default maximum that applies for any amount of cocaine. *See United States v. Clark*, 538 F.3d 803, 811-12 (7th Cir. 2008), *cert. denied,* 129 S. Ct. 1613 (2009); *United States v. Gilmer*, 534 F.3d 696, 704 (7th Cir. 2008).

Counsel also considers whether Bowie could challenge the increase in offense level for possessing a gun, *see* U.S.S.G. § 2D1.1(b)(1), or the upward adjustment for obstructing justice, *see id.* § 3C1.1. Bowie's counsel did not object to either adjustment at sentencing, so our review would be for plain error. *See, e.g., United States v. Jumah*, 599 F.3d 799, 811 (7th Cir. 2010). Bowie asserts in his Rule 51(b) response that he didn't own or even know about the gun police found in his living-room closet. He points to the trial testimony of Melvin Barnes, a defense witness who said he put the gun in the closet while temporarily living with Bowie. Ownership is irrelevant, though, and Barnes conceded that he never saw the gun again after placing it in the closet. On the other hand, two police officers who searched Bowie's house with his consent testified at trial that he alerted them he had a gun in the living-room closet. The officers found the gun (with an obliterated serial number) in that closet along with 148 grams of cocaine, $20,000 in currency, and a scale. Thus, an appellate challenge to the upward adjustment for the gun would be frivolous. *See United States v. Are,* 590 F.3d 499, 526 (7th Cir. 2009), *petition for cert. filed,* 78 U.S.L.W. 3590 (Mar. 30, 2010) (No. 09-1191); *United States v. Perez*, 581 F.3d 539, 546-47 (7th Cir. 2009); *United States v.*

*Rollins*, 544 F.3d 820, 837-38 (7th Cir. 2008), *cert. denied,* 78 U.S.L.W. 3688 (U.S. May 24, 2010) (No. 09-10339).

Further, among the nonexhaustive list of conduct constituting obstruction of justice is "threatening, intimidating, or otherwise unlawfully influencing a co-defendant." U.S.S.G. § 3C1.1, cmt. n.4(a). The district court applied the upward adjustment because Bowie sent a letter to a codefendant warning him not to cooperate. (Bowie insists in his Rule 51(b) response that he was simply "telling or asking" his codefendant to exercise his constitutional right to trial by jury.) We agree with counsel that it would be frivolous to argue that the district court's conclusion that Bowie unlawfully attempted to influence his codefendant was clearly erroneous. *See United States v. Richards*, 198 F.3d 1029, 1032-33 (7th Cir. 2000) (upholding application of § 3C1.1 adjustment where defendant warned codefendant to keep quiet).

Last, in his Rule 51(b) response, Bowie argues that under *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009), he was entitled to cross-examine the chemists who analyzed the cocaine recovered from his home. But this argument is frivolous because Bowie stipulated at trial to the drug type and quantity. *See id.* at 2534 n.3, 2541; *see also United States v. Wingate*, 128 F.3d 1157, 1160-61 (7th Cir. 1997).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.