CLD-098                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3873
_____

CHANDAR A. SNOW,
                                        Appellant

v.

B.A. BLEDSOE, WARDEN
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:12-cv-00882)
District Judge:  Honorable A. Richard Caputo
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
January 25, 2013

Before:  RENDELL, JORDAN and GARTH, Circuit Judges

(Opinion filed: January 31, 2013 )
_____

OPINION OF THE COURT
_____

PER CURIAM

        Chandar A. Snow appeals pro se from the District Court's order dismissing his

petition for a writ of habeas corpus.  Because the appeal presents no substantial question,

we will summarily affirm the District Court's order.

I.

In 1993, Snow was convicted in the United States District Court for the Eastern District of Michigan of one count of conspiracy to possess with intent to deliver cocaine base, and one count of knowingly and intentionally causing the killing of another person while engaged in a conspiracy to distribute cocaine. The court sentenced Snow to life imprisonment, and ordered a special assessment fee of $100.00.

Following an unsuccessful appeal in the Sixth Circuit, Snow filed a series of three motions to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. Each of these motions was denied: the first because he failed to file within one year of the date his conviction became final; the second for failure to prosecute; and the third because he did not meet the threshold requirements for permission to file a second or successive section 2255 motion. Snow then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the District Court for the Eastern District of Michigan dismissed because Snow had not shown that section 2255 was inadequate or ineffective to test the legality of his detention.

In May 2012, while incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Snow filed the instant petition for a writ of habeas corpus pursuant to section 2241. In the petition, he alleged that: (1) the Designation and Sentence Computation Center incorrectly calculated his sentence; and (2) the Bureau of Prisons violated his First Amendment rights by blocking access to the courts, where he could have his actual innocence claim adjudicated. The District Court dismissed the petition,

finding that Snow failed to demonstrate that a motion under section 2255 would be an inadequate or ineffective remedy. Snow filed a timely notice of appeal.

II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). We may summarily affirm a judgment of the District Court on any basis supported by the record if the appeal does not raise a substantial question. See I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011).

The District Court properly dismissed Snow's section 2241 petition for lack of jurisdiction. A motion filed under section 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). By contrast, section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that challenges to the execution of a sentence include, e.g., challenges to wrongful revocation of parole, place of imprisonment, and credit for time served) (internal citations omitted).

We agree with the District Court that Snow's claims are actually an attack on the validity of his sentence and, as such, must be brought pursuant to section 2255. Although the habeas petition itself is unclear, Snow's exhibits demonstrate that he attempted to adjudicate his actual innocence through the prison's administrative remedy process.

3

Rather than provide Snow with such an adjudication, the prison's Attorney Advisor notified Snow that the "appropriate course of action is to file a habeas petition with the sentencing court." Snow subsequently filed a new request for an administrative remedy, this time alleging that he had been tortured while on hunger strike, denied access to religious materials during Ramadan, denied the ability to petition the government for redress, and denied access to the courts for adjudication on the merits of his actual innocence claim. After conducting an investigation, the Warden at USP-Lewisburg denied Snow's request. To the extent that the allegations in Snow's administrative remedy request elucidate the claims raised in his habeas petition, it appears that Snow's underlying purpose has been to challenge the validity of his sentence, rather than the execution of his sentence. This purpose is further evidenced by the fact that Snow's objections to the Magistrate Judge's Report and Recommendations essentially amount to a plea to have a court hear his actual innocence claim. Therefore, Snow's claims must presumptively be brought under section 2255. See Okereke, 307 F.3d at 120.

However, a petitioner can seek relief under section 2241 if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under section

4

2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for actions later deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

Here, as Snow acknowledged in his petition, section 2255 is not inadequate or ineffective merely because, on account of having already filed previous section 2255 motions, he now faces the strict gatekeeping requirements that apply to successive section 2255 motions. See id. Moreover, the cases that Snow cites in support of his theory of innocence – namely, Benton v. Maryland, 395 U.S. 784 (1969), Sibron v. New York, 392 U.S. 40 (1968), Ray v. United States, 481 U.S. 736 (1987), and Rutledge v. United States, 517 U.S. 292 (1996) – were decided prior to Snow's previous section 2255 motions and 2241 petition and therefore do not constitute an intervening change in the law. Cf. In re Dorsainvil, 119 F.3d at 247-48 (finding section 2255 to be inadequate or ineffective where the petitioner filed a section 2255 motion prior to the Supreme Court's decision in Bailey v. United States, which made non-criminal one act for which the petitioner was convicted).

In short, Snow did not show that section 2255 is "inadequate or ineffective" to test the legality of his detention. Id. at 251. Accordingly, the District Court did not err in dismissing his section 2241 petition for lack of jurisdiction. For substantially the same reasons set forth by the District Court, we will summarily affirm the District Court's order dismissing Snow's section 2241 petition. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

5