FILED
United States Court of Appeals
Tenth Circuit

February 20, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

RENATO VALDOVINOS,

        Defendant - Appellant.

No. 12-5158
(D.C. Nos. 4:09-CV-00077-JHP-PJC
and 4:06-CR-00077-JHP-1)
N.D. Oklahoma

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **HARTZ**, **EBEL**, and **MURPHY**, Circuit Judges.


Proceeding *pro se*, Renato Valdovinos seeks to appeal the district court's

denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.

The matter is before this court on Valdovinos's request for a certificate of

appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be

taken from a "final order in a proceeding under section 2255" unless the movant

first obtains a COA). Because Valdovinos has not "made a substantial showing

of the denial of a constitutional right," this court **denies** his request for a COA

and **dismisses** this appeal. *Id*. § 2253(c)(2).

Valdovinos was charged in a two-count indictment with possession with intent to distribute methamphetamine, and conspiracy to possess with intent to distribute methamphetamine. He pleaded guilty to both counts and was sentenced to a term of 210 months' imprisonment. He did not file a direct appeal.

Valdovinos raised just one claim in the § 2255 motion he filed in the United States District Court for the Northern District of Oklahoma: that his trial counsel "was ineffective for failing to file a notice of appeal and consult about an appeal." The district court held an evidentiary hearing on December 21, 2011, at which Valdovinos's trial counsel testified. After considering counsel's testimony and her sworn affidavit, the district court found counsel "correctly advised [Valdovinos] of the potential consequences of an appeal, and he subsequently informed her that he did not wish to appeal." Based on this finding, the court concluded Valdovinos was not entitled to habeas relief because he failed to show counsel's performance fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also United States v. Orange*, 447 F.3d 792, 796-97 (10th Cir. 2006) ("Because [a defendant] must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either one is dispositive." (citation omitted)).

To be entitled to a COA, Valdovinos must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Valdovinos has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Valdovinos need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Valdovinos's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Valdovinos is not entitled to a COA.[1] The district court's resolution of his § 2255 motion is not reasonably subject to debate and the issues he seeks to raise

---

[1]In his appellate brief, Valdovinos attempts to raise additional claims that were not included in his § 2255 motion. We will not address any of these issues. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) ("[A]bsent extraordinary circumstances, [this court] will not consider arguments raised for the first time on appeal. This is true whether an appellant is attempting to raise a bald-faced new issue or a new theory that falls under the same general category as a previous argument." (quotations and citation omitted)).

on appeal are not adequate to deserve further proceedings. Accordingly, this court **denies** Valdovinos's request for a COA and **dismisses** this appeal. His request to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge