**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4806**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

NATALLIA LIAPINA,

                    Defendant - Appellant.

**No. 12-4807**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DANIL LYAPIN,

                    Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda Wright Allen, District Judge.  (2:11-cr-00158-AWA-DEM-2; 2:11-cr-00158-AWA-DEM-1)

Submitted:  June 18, 2013            Decided:  July 10, 2013

Before MOTZ, SHEDD, and FLOYD, Circuit Judges.

Affirmed in part and reversed in part by unpublished per curiam opinion.

_____

John S. Davis, V, WILLIAMS MULLEN, Richmond, Virginia; Garrick A. Sevilla, C. Elizabeth Hall, WILLIAMS MULLEN, Raleigh, North Carolina, for Appellant Natallia Liapina.  Alan H. Yamamoto, Alexandria, Virginia, for Appellant Danil Lyapin.  Neil H. MacBride, United States Attorney, Michael F. Murray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a bench trial, the district court convicted Natallia Liapina and her son, Danil Lyapin, of offenses arising from their efforts to evade immigration laws by entering into fraudulent marriages. The court sentenced Liapina to twenty-one months imprisonment and Lyapin to forty-one months imprisonment. On appeal, Liapina and Lyapin challenge their convictions and sentences.

I.

Liapina was born in the Ukraine and is a Belarussian national. In 2004, Liapina married Dr. Armando Figuero, a United States citizen. Lyapin was born in Russia and is also a Belarussian national. He came to the United States in 1996 and subsequently married three different United States citizens between 2000 and 2011. The Government maintains that Liapina and Lyapin "engaged in a decade-long conspiracy to obtain green cards for themselves by way of marriages to United States citizens." Government's Br. at 2.

The district court found Liapina guilty of one count of conspiracy, in violation of 18 U.S.C. § 371 (count one), and three counts of false statements related to naturalization or citizenship, in violation of 18 U.S.C. § 1015(a) (counts five, six, and seven). The court found Lyapin guilty of one count of

3

conspiracy, in violation of 18 U.S.C. § 371 (count one), one count of marriage fraud, in violation of 8 U.S.C. § 1325(c) (count two), and two counts of false statements related to naturalization or citizenship, in violation of 18 U.S.C. § 1015(a)(counts three and four). The court then sentenced Liapina to twenty-one months imprisonment on each count, to run concurrently, and Lyapin to forty-one months imprisonment on each count, to run concurrently.

## II.

Lyapin argues that the district court erred in denying his motion to suppress statements he made after being arrested. According to Lyapin, he made those statements after invoking his right to have an attorney present, in response to continued questioning by the Government. See Edwards v. Arizona, 451 U.S. 477, 484-85 (1981) (holding that, once the accused invokes his right to counsel, the government cannot continue questioning "unless the accused himself initiates further communication, exchanges or conversations").

The Government contends that we should decline to consider Lyapin's argument, because he did not file his motion to suppress until 192 days after the deadline set by the district court. See Fed. R. Crim. P. 12(b)(3), (e) (party waives any request to suppress evidence not raised by deadline set by

court).  Lyapin responds that the issue is properly before this Court because the district court rejected his suppression motion on the merits.

We need not resolve this dispute, however, because Lyapin's post-arrest statements were duplicative of other evidence the Government presented.  Thus, "review[ing] the remainder of the evidence against" Lyapin, we conclude that any error the district court may have committed in refusing to suppress Lyapin's post-arrest statements was "harmless beyond a reasonable doubt."  Arizona v. Fulminante, 499 U.S. 279, 310 (1991); see United States v. Johnson, 400 F.3d 187, 197 (4th Cir. 2005).


                              III.

Liapina argues that the district court erred in considering several witness statements she contends constitute inadmissible hearsay.  Because Liapina failed to raise this argument before the district court, we review for plain error.  Thus, we can reverse only if Liapina shows that an error occurred, was plain, and affected her substantial rights.  See United States v. Olano, 507 U.S. 725, 732 (1993).  Generally, an error does not affect substantial rights unless "there [is] a reasonable probability that the error affected the outcome of the trial." United States v. Marcus, 130 S. Ct. 2159, 2164 (2010).

5

While the district court considered the statements in question in finding Liapina guilty, the court also considered abundant other evidence. This evidence included the testimony of other witnesses that Lyapin and Figueroa had a romantic relationship while Liapina and Figueroa did not live together and had little interaction, and Liapina's own statements indicating that her marriage was fraudulent. Thus, even if the court erred in admitting the statements to which Liapina objects, she cannot show that "there [is] a reasonable probability that the error affected the outcome of the trial." Marcus, 130 S. Ct. at 2164.

IV.

Liapina also argues that the Government presented insufficient evidence to convict her on counts five, six, and seven. Those counts charge violations of 18 U.S.C. § 1015(a), which makes it a crime to "knowingly make[] any false statement under oath" in an immigration matter.

Liapina's statement on immigration forms and to immigration officials, that she had never committed any crime for which she had not been arrested, provides the basis for counts six and seven. Her statement, that she had never committed a crime of moral turpitude for which she had not been arrested, provides the basis for count five. The indictment alleges that these

6

statements were knowingly false because Liapina had conspired to engage in, and engaged in, a fraudulent marriage to Dr. Figueroa in violation of 8 U.S.C. § 1325(c).

We review challenges to the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the Government. United States v. Ayesh, 702 F.3d 162, 169 (4th Cir. 2012). We must affirm if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Poole, 640 F.3d 114, 121 (4th Cir. 2011).

Liapina contends that the Government failed to prove the knowledge element of 18 U.S.C. § 1015(a), because it offered no evidence that she knew marriage fraud was a crime. The Government, however, presented evidence that Liapina worried about being caught and took measures to conceal the fraudulence of her marriage. Viewing this evidence in the light most favorable to the Government, we cannot conclude that no rational trier of fact could find that Liapina knew entering into a fraudulent marriage was a crime. See United States v. Beidler, 110 F.3d 1064, 1070 (4th Cir. 1997) (evidence defendant attempted to conceal illegal activity may support conclusion that defendant knew activity was illegal). Accordingly, we affirm her convictions on counts six and seven.

The Government concedes, however, that Liapina's counsel was constitutionally ineffective for failing to raise a statute of limitations defense to count five. We agree. Though Liapina's sentence will not change as a result of reversal on count five, her conviction subjects her to the standard $100 assessment. This constitutes prejudice, see Ray v. United States, 481 U.S. 736 (1987), and so requires reversal of her conviction on count five.

V.

Finally, both Lyapin and Liapina argue that the district court applied the wrong sentencing guidelines to their offenses, resulting in inappropriately high guideline ranges. The court applied the guideline for perjury or subornation of perjury (U.S.S.G. § 2J1.3) to counts one, three, and seven, and the guideline for falsely procuring immigration benefits for others (U.S.S.G. § 2L2.1) to counts four, five, and six. Lyapin and Liapina contends that the court should instead have applied § 2L2.2, the guideline for, inter alia, fraudulently acquiring documents relating to naturalization, citizenship, or legal resident status for the alien's own use, to all counts.

Lyapin and Liapina do not dispute that § 2J1.3 may in some cases apply to violations of 18 U.S.C. § 1015(a) and 18 U.S.C. § 371. See U.S.S.G. App'x A (indicating §§ 2B1.1, 2J1.3, 2L2.1,

8

or 2L2.2 may apply to violations of 18 U.S.C. § 1015(a)); id. § 2X1.1 (base offense level for substantive offense applies to conspiracy conviction). "When the offense of conviction appear[s] to fall under the express terms of more than one guideline, the sentencing court must choose the guideline that is most applicable by compar[ing] the guideline texts with the charged misconduct, rather than the statute . . . or the actual conduct." United States v. Boulware, 604 F.3d 832, 836 (4th Cir. 2010) (internal quotation marks omitted). Lyapin and Liapina did not urge the application of § 2L2.2 in the district court, so our review is for plain error. See United States v. Lynn, 592 F.3d 572, 576-77 (4th Cir. 2010).[*]

Counts one, three, and seven charge Lyapin and Liapina with making false statements under oath. While § 2L2.2 -- which focuses specifically on naturalization fraud -- might be more appropriate, we cannot conclude that any error in applying § 2J1.3 would be plain. As Lyapin and Liapina concede, neither we nor the Supreme Court has held that § 2J1.3 does not apply to

---

[*] Liapina does not assert to the contrary. Lyapin, however, contends he preserved the issue for appeal because he objected before the district court to the application of § 2J1.3 to counts one and three. But in his objection, Lyapin indicated that his base offense level should have been 11, and that base offense level corresponds to § 2L2.1, a guideline Lyapin now asserts is inapplicable. Lyapin did not preserve for appeal his argument that § 2L2.2 is the applicable guideline.

the submission of false statements in connection with marriage fraud. See United States v. Reid, 523 F.3d 310, 316 (4th Cir. 2008) ("To be plain, an error must be clear or obvious. An error is clear or obvious when the settled law of the Supreme Court or this circuit establishes that an error has occurred." (internal quotation marks and citations omitted)).

Lyapin and Liapina also challenge the district court's application of § 2L2.1 to counts four, five, and six. Both Lyapin and Liapina received concurrent sentences on all counts for which they were convicted. Thus, application of a lower guideline range to counts four, five, and six would not alter the length of their sentences, so any error did not affect their substantial rights and does not constitute plain error. See Marcus, 130 S. Ct. at 2164.


VI.

For the foregoing reasons, we reverse Liapina's conviction on count five and affirm in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.


AFFIRMED IN PART AND REVERSED IN PART