FILED
United States Court of Appeals
Tenth Circuit

August 19, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RENATO VALDOVINOS,

Defendant - Appellant.

No. 14-5048
(D.C. No. 4:06-CR-00077-JHP-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Defendant and Appellant, Renato Valdovinos, appeals the denial of his motion pursuant to Fed. R. Crim. P. 36. For the following reasons, we affirm that denial.

Mr. Valdovinos pled guilty on October 10, 2007 to one count of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and one count of possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), 21 U.S.C. § 846, and 18 U.S.C. § 2. On March 6, 2008, the district court sentenced Mr. Valdovinos, stating, "[i]t is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 210 months. As to each of Counts 1 and 2, said terms shall run concurrently each with the other." Tr. of Sentencing at 12; R. Amended Supp. Vol. II at 12.

The district court found that Mr. Valdovinos did not have the ability to pay a fine under the United States Sentencing Commission, Guidelines Manual ("USSG"), but it did order him to pay "a reduced fine in the amount of $5,000.00. That is $2500.00 per count." Id.. The court also ordered Mr. Valdovinos to pay to the clerk of the court "a $200.00 special monetary assessment, that is $100.00 as to each count." Id. at 14. The minute sheet for Mr. Valdovinos's sentencing hearing confirms that the district court ordered him to pay a fine of $2500.00 for "each count" and a special assessment of $100.00 for "each count."

On December 2, 2013, Mr. Valdovinos filed a motion pursuant to Fed. R. Crim. P. 36 seeking to reduce the fines and special assessments he was ordered to pay.[1] He claimed that one of the charges to which he pled guilty was a lesser included offense of the other and that, therefore, the imposition of a separate fine and special assessment for each count violated double jeopardy. In response, the government explained that neither of Mr. Valdovinos's convictions was a lesser included offense of the other, and there was therefore no error in the imposed judgment. On April 15, 2014, the district court filed a minute order denying the motion. This appeal followed.

We have not specified the standard of review for the denial of a Rule 36 motion. As we recently observed, "[w]e have never definitively outlined the standard of review for dispositions of Rule 36 motions." United States v. Ngo, 556 Fed. Appx. 752, 753 (10th Cir. 2014) (unpublished). See United States v. Gutierrez, 401 Fed. Appx. 378, 380 (10th Cir. 2010) (unpublished) ("We have yet to determine the standard of review for Rule 36 motions."); United States v. Hayden, 10 Fed. Appx. 647, 649 (10th Cir. 2001) (applying abuse of discretion standard); United States v. Sides, No. 93-5101, 1994 WL 38640, at *2 (10th Cir.

---

[1]There are two prior appeals relating to Mr. Valdovinos's conviction. In 2011, we remanded his Rule 60 motion to the district court to address whether he should be permitted to reopen his § 2255 motion. In re: Renato Valdovinos, No. 11-5039 (10th Cir. 2011) (unpublished). In 2013, after the district court reopened and denied his § 2255 motion, we denied Mr. Valdovinos a certificate of appealability and dismissed his appeal. United States v. Valdovinos 511 Fed. Appx. 777 (10th Cir. Feb. 20, 2013) (unpublished).

Feb. 10, 1994) (unpublished) (applying clearly erroneous standard).[2]  We need not

resolve this standard-of-review question now because, as we also recently stated

in a similar case, "the district court's decision is not subject to reversal under any

conceivable standard of review."  Ngo, 556 Fed. Appx. at 754.

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the

court may at any time correct a clerical error in a judgment, order, or other part of

the record, or correct an error in the record arising from oversight or omission."

Fed. R. Crim. P. 36.  It "allows correction of only non-substantive errors, and

does not give the court authority to substantially modify a sentence."  United

States v. Lonjose, 663 F.3d 1292, 1299 n.7 (10th Cir. 2011).  In this case, there

was no clerical error.  Rather, at sentencing, the district court clearly ordered Mr.

Valdovinos to pay a total of $200.00 in special assessments and $5,000.00 in

fines. The judgment also reflected those amounts.  There was no error, let alone a

clerical error.

Mr. Valdovinos argues entitlement to relief under Rutledge v. United

States, 517 U.S. 292 (1996), arguing that his protection from double jeopardy

prohibits the imposition of separate fines and assessments for each count of

conviction.  He misapprehends the import of Rutledge, in which the Supreme

Court held that a court could not impose separate special assessments for two

[2]While unpublished decisions are not binding authority in this circuit, we
cite these decisions because we fully agree with the statements made therein.

offenses when one is a lesser included offense of the other.  Unlike the conspiracy and CCE convictions in <u>Rutledge</u>, however, neither of Mr. Valdovinos's convictions is a lesser included offense of the other.  <u>See</u> <u>United States v. Horn</u>, 946 F.2d 738, 745 (10th Cir. 1991) (holding that "possession, possession with intent to distribute, and distribution are not lesser included offenses of conspiracy to commit these same offenses").  <u>Rutledge</u> therefore has no application here, and the district court did not violate double jeopardy by imposing separate fines and special assessments for each of Mr. Valdovinos's counts of conviction.

Finally, Mr. Valdovinos argues that the district court could not impose separate fines and special assessments for each count of conviction because it imposed concurrent terms of imprisonment.  For this argument, Mr. Valdovinos relies on 18 U.S.C. § 3013 and <u>Ray v. United States</u>, 481 U.S. 736 (1987).  Aside from this being the type of non-clerical and possibly substantive argument which Rule 36 is not intended to address, it is also a losing argument.

Section 3013 merely states that courts shall make a special assessment on "any person convicted of an offense against the United States," and sets that assessment at $100.00 in the case of a felony.  18 U.S.C. § 3013(a)(2)(A).  It does not state or even suggest that the special assessments for multiple offenses must be run "concurrently" or are somehow not validly imposed if the terms of imprisonment are imposed concurrently.

In Ray, the Supreme Court "review[ed] the role of the concurrent sentence doctrine in the federal courts." 481 U.S. at 737. The Court of Appeals in Ray had invoked the concurrent sentence doctrine and declined to review the petitioner's second possession conviction because the sentences on the two possession counts were concurrent. The Supreme Court vacated the decision, finding that the petitioner was not serving concurrent sentences because the district court had imposed a $50 assessment on each of the three counts of which the defendant/petitioner had been convicted. The Court concluded that "[s]ince petitioner's liability to pay this total depends on the validity of each of his three convictions, the sentences are not concurrent." Id. Thus, Ray establishes that when a court orders a defendant to pay a special assessment for each of several counts of conviction, the sentences are not concurrent and the "concurrent sentence" doctrine cannot be used to avoid appellate review of each count of conviction. Contrary to Mr. Valdovinos's argument, Ray does not establish that a court cannot impose special assessments consecutively if it has imposed custodial sentences concurrently. Ray therefore affords Mr. Valdovinos no relief.

For the foregoing reasons, we affirm the denial of Mr. Valdovinos's Rule 36 motion.

AFFIRMED.  Appellant's motion to proceed in forma pauperis is GRANTED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge