NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 6, 2016
Decided November 21, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 15-2656

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 13 CR 50070-1 |
| JARVIS WASHINGTON, *Defendant-Appellant.* | Frederick J. Kapala, *Judge.* |

## O R D E R

Jarvis Washington was convicted by a jury of two separate counts under 18 U.S.C. § 922(g)(1) for being a felon in possession of a gun and ammunition. He complains on appeal that the district court failed to instruct the jury that it could not return separate convictions unless it concluded that Washington stored the gun and ammunition at different times or in different places. No such evidence exists, according to Washington; without it, he says, the convictions should merge. Our review, however, is for plain error only, because Washington forfeited this point in the district court. We find no such problem with the conviction and thus we affirm.

Washington was being sought for outstanding warrants when, on the morning of September 24, 2013, someone from the Winnebago County Sheriff's Police noticed his car parked outside his ex-girlfriend's apartment. Police surrounded the apartment, got consent from the woman to enter, and found Washington hiding in a bedroom closet. On the bedroom floor they spotted a box of plastic sandwich bags and another box with 25 rounds of .40 caliber ammunition. Plastic bags with crack cocaine and heroin were stashed in the dresser. A backpack near the bed contained marijuana and 13 rounds of .45 caliber ammunition. Police later took a closer look at Washington's car and noticed through a window the handle of a handgun protruding from under the driver's seat. After obtaining a warrant to search the car, they found a .45 caliber handgun with 12 rounds of ammunition in its magazine.

A grand jury indicted Washington for (1) possession with intent to distribute heroin and crack cocaine, 18 U.S.C. § 841(a)(1), (2) possession with intent to distribute marijuana, *id.*, (3) being a felon in possession of ammunition, 18 U.S.C. § 922(g)(1), (4) being a felon in possession of a firearm and ammunition, *id.*, and (5) possession of a firearm in furtherance of a drug trafficking crime, 21 U.S.C. § 924(c)(1). The third of these counts charged Washington with possessing ammunition on or about September 24, 2013, and referred to the items found in the bedroom; the fourth charged him with possessing a gun and ammunition on or about the same date and referred to the car.

Without objection from Washington, the district court used the government's proposed jury instructions for the two charges under section 922(g)(1). The court instructed the jury that the government had to prove beyond a reasonable doubt that (1) Washington knowingly possessed the charged items, (2) had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, and (3) the possession affected interstate commerce. The court did not instruct the jury that it had to find that Washington separately stored or acquired the charged items in order to convict on both section 922(g) counts.

The jury convicted him of the first four charges and acquitted him of the fifth. The district court sentenced Washington to concurrent sentences of 132 months' imprisonment for the first count, 60 months for the second, and 120 months each for the third and fourth. The court ordered four years' supervised release for the first two counts and three years' supervised release for the third and fourth, also to run concurrently. Washington did not argue at sentencing that his section 922(g)(1) convictions should merge.

Washington now contends that his separate section 922(g)(1) convictions violate the Double Jeopardy Clause and should merge into one because he "simultaneously possessed" the gun and ammunition found in the car and the apartment. We review this issue for plain error because Washington raises it for the first time on appeal. *United States v. Parker*, 508 F.3d 434, 440 (7th Cir. 2007).

Multiple section 922(g) convictions are justified if the government "can produce evidence demonstrating that the firearms were stored or acquired separately and at different times or places." *United States v. Conley*, 291 F.3d 464, 470 (7th Cir. 2002) (quoting *United States v. Buchmeier*, 255 F.3d 415, 423 (7th Cir. 2001)). But only one conviction is permitted when the "defendant's possession of multiple firearms is 'simultaneous and undifferentiated.'" *United States v. Cureton*, 739 F.3d 1032, 1041 (7th Cir. 2014) (quoting *Buchmeier*, 255 F.3d at 422). Acquisition and storage are factual questions for the jury, but no plain error exists if the undisputed record demonstrates separate possession. See *United States v. Woolsey*, 759 F.3d 905, 908–09 (8th Cir. 2014); *United States v. Ankeny*, 502 F.3d 829, 838 (9th Cir. 2007).

Washington contends that his dual convictions cannot stand because the jury was not asked to determine if he acquired or stored the charged items separately and at different times or places. As he puts it: "[W]hile some of the ammunition was found inside the duplex while the gun and additional ammunition was [*sic*] found in the car, that does not amount to storing the gun and ammunition in different places." He develops the point further in his reply brief, suggesting that "most likely" the ammunition found in the apartment had been in his backpack, which he had "grabbed"—as if in afterthought—to take inside with him.

Logically, however, storing some weapons in a vehicle and others in a building represent separate acts of possession. Both the Ninth and Tenth Circuits have affirmed separate convictions for weapons stored in a house and a vehicle. See *United States v. Hutching*, 75 F.3d 1453, 1460 (10th Cir. 1996) (guns in bedroom, car, and truck were in "scattered locations"); *United States v. Gann*, 732 F.2d 714, 717, 721 (9th Cir. 1984) (shotgun and ammunition in defendant's car and rifle and ammunition in his house "were stored separately"); see also *United States v. Kennedy*, 682 F.3d 244, 256 (3rd Cir. 2012) (affirming two convictions for guns hidden in secret compartments of two cars); *United States v. Verrecchia*, 196 F.3d 294, 296, 298 (1st Cir. 1999) (approving of indictment that grouped firearms into counts based on "the place of possession"; defendant properly charged separately for possessing some guns in crate in barn and others while driving them to officers conducting sting operation).

Washington relies entirely on cases where all of the defendant's weapons were stored within a single structure, whether a car or a building. *Ankeny*, 502 F.3d at 833–34; *United States v. Dunford*, 148 F.3d 385, 390 (4th Cir. 1998); *United States v. Oliver*, 683 F.2d 224, 226, 232–33 (7th Cir. 1982). Those defendants were armed only inside that structure. See also *United States v. Guice*, 238 F. App'x 167, 170 (7th Cir. 2007) (possession simultaneous when the defendant controlled different areas of the same apartment or vehicle). But Washington separated his gun and ammunition between a car and an apartment building. The car allowed Washington easily to drive away with the gun, and the presence of the weapons in different places allowed him to take shelter in different structures and still be armed. See *Kennedy*, 682 F.3d at 256 (weapons stored in two cars were separated while defendant was driving). Treating Washington's actions as a single act of possession could, as other circuits have observed, allow him to establish an armory and also travel armed while risking only one section 922(g) conviction. See *United States v. Olmeda*, 461 F.3d 271, 280 (2nd Cir. 2006); *United States v. Buchmeier*, 255 F.3d 415, 423 (7th Cir. 2001).

Finally, we note that, just as in *Ray v. United States*, 481 U.S. 736 (1987), we are not faced with any question under the concurrent sentence doctrine. Each count of conviction carried its own special assessment, and that is enough to warrant separate review. *Parker*, 508 F.3d at 441. Accordingly, we conclude that it was not plain error to enter judgment against Washington for two separate section 922(g)(1) convictions.

AFFIRMED.