21-1530
*Brown v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand twenty-three.

PRESENT:

> PIERRE N. LEVAL,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

DONALD GEORGE BROWN,

> *Petitioner-Appellant*,

v.                                                                No. 21-1530

UNITED STATES OF AMERICA,

> *Respondent-Appellee.*\*

_____

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Petitioner-Appellant:	TIMOTHY P. MURPHY, Federal Public Defender's Office, Buffalo, NY.

For Respondent-Appellee:	RYAN C. HARRIS (Amy Busa, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED** without prejudice to Brown renewing the claim he asserts in this action if the law regarding the validity of his concurrent life sentences changes in the future.

Donald George Brown appeals from the district court's order denying his motion under 28 U.S.C. § 2255 to vacate two of his convictions for using and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Brown was convicted after a jury trial on twenty-six counts, including six counts of murder-in-aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1); five counts of conspiracy to commit murder-in-aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5); narcotics conspiracy, in violation of 21 U.S.C.

2

§§ 841(b)(1)(A)(ii), (iii), (vii), and 846; racketeering, in violation of 18 U.S.C. § 1962(c); racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); assault-in-aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3); Hobbs Act robbery, in violation of 18 U.S.C. § 1951; Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951; credit card fraud, in violation of 18 U.S.C. § 1029(a)(2), (c)(1); credit card fraud conspiracy, in violation of 18 U.S.C. § 1029(b)(2), (c)(1); and seven counts of using and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). The two section-924(c) convictions relevant here – Counts 14 and 18 – were both predicated on murder-in-aid of racketeering and conspiracy to commit murder-in-aid of racketeering.

The district court imposed on Brown nine concurrent life sentences on the racketeering, racketeering conspiracy, murder, and narcotics conspiracy counts; 125 years' consecutive imprisonment on the section-924(c) counts (including forty years' consecutive imprisonment on the convictions relevant here); and concurrent sentences on the remaining counts. After a direct appeal and one prior unsuccessful petition for collateral review, Brown filed this successive motion to vacate his convictions on Counts 14 and 18 in light of *Johnson v. United States*, 576

3

U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019).[1]  In ruling on the motion, the district court recognized that conspiracy to commit murder no longer served as a valid predicate offense, but nevertheless denied the motion given its belief that there was no reasonable possibility that the jury's verdict rested on the murder conspiracy charge alone.  On May 11, 2022, we granted Brown's motion for a certificate of appealability to decide "whether the district court properly concluded that murder-in-aid of racketeering, [predicated on second-degree murder] under California Penal Code § 187(a), was a valid predicate for his [section-924(c)] convictions in Counts 14 and 18."  J. App'x at 308.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Upon further consideration of the issue, and in light of our opinion in *Al-'Owhali v. United States*, 36 F.4th 461 (2d Cir. 2022) – which post-dated our order granting Brown's motion for a certificate of appealability – we decline to decide whether second-degree murder under California law, Cal. Penal Code § 187(a), is a "crime of violence" under section 924(c), since Brown must serve multiple concurrent life sentences before he will even begin to serve the mandatory

---

[1] On direct appeal, we vacated Brown's conviction on the narcotics conspiracy charge.  *See United States v. Brown*, No. 99-1230(L), 2002 WL 34244994, at *5 (2d Cir. Apr. 26, 2002).

4

consecutive sentences imposed for Counts 14 and 18. Under the concurrent-sentence doctrine, we may decline to consider collateral challenges to the validity of a conviction when "(1) the collateral challenge will have no effect on the time the prisoner must remain in custody and (2) the unreviewed conviction will not yield additional adverse collateral consequences." *Al-'Owhali*, 36 F.4th at 467.[2] We are satisfied that both prongs are met here.

As to the first prong, since Brown is currently serving eight concurrent life sentences, vacatur of the challenged section-924(c) convictions – with sentences that run consecutively to the unchallenged life sentences – will not "reduce the time he is required to serve" in prison. *Kassir*, 3 F.4th at 561 (internal quotation marks omitted).

With respect to the second prong – whether a petitioner may be subject to additional adverse collateral consequences – we consider "the petitioner's

---

[2] In *Ray v. United States*, 481 U.S. 736, 737 (1987), the Supreme Court "abolished the concurrent[-]sentence doctrine for direct review of federal convictions." *Dhinsa v. Krueger*, 917 F.3d 70, 76 n.4 (2d Cir. 2019) (alterations and internal quotation marks omitted). But unlike a direct appeal – which "allows for a frontal attack on a conviction, a sentence, or both," *Al-'Owhali*, 36 F.4th at 467 (internal quotation marks omitted), and "requires nothing more than some concrete stake in the outcome of the case," such as a mandatory special assessment, *Kassir v. United States*, 3 F.4th 556, 565–66 (2d Cir. 2021) – a collateral attack is "limited to a claimed right of relief from *custody*," *Al-'Owhali*, 36 F.4th at 467 (internal quotation marks omitted) (emphasis added). Since "[r]elief from fines, special assessment fees, restitution, and other noncustodial punishments . . . cannot themselves serve as bases for collateral relief," *id.* (internal quotation marks omitted), "the concurrent[-]sentence doctrine remains available in a collateral challenge to a conviction or sentence under [section] 2255," *id.* at 466.

eligibility for parole, the future application of recidivist statutes for a future offense by the petitioner, the petitioner's credibility in future trials, the possibility of pardon, and societal stigma of a conviction." *Id.* at 568. But none of these factors favor Brown. First, the section-924(c) convictions will have no effect on Brown's eligibility for parole since his unchallenged life sentences, like all life sentences in the federal system, do not include the possibility of parole. *See United States v. Delgado*, 971 F.3d 144, 159 (2d Cir. 2020). Second, Brown's eight concurrent life sentences make it well-nigh impossible that Brown will be subject to a "recidivist statute for a future offense, such that the unreviewed [section-924(c)] conviction[s] could result in an increased sentence." *Al-'Owhali*, 36 F.4th at 468 (internal quotation marks omitted). Third, we fail to see how Brown's unreviewed section-924(c) convictions may be used to impeach his character at a future trial or affect his chances for a potential pardon, given that he stands convicted of six murder charges and several other felony offenses. Similarly, given the "societal stigma" associated with Brown's other violent felony convictions, we fail to see how the two section-924(c) convictions meaningfully stigmatize him any further.

In sum, because Brown challenges only the section-924(c) convictions that carry sentences running consecutive to his eight unchallenged life sentences, we

6

decline to consider the question presented to us on appeal. *See Al-'Owhali*, 36 F.4th at 469 (declining to review a defendant's challenge to his section-924(c) conviction where, as here, the defendant was serving multiple life sentences).

Accordingly, we **AFFIRM** the order of the district court, without prejudice to Brown renewing the claim he asserts in this action if the law regarding the validity of his concurrent life sentences changes in the future.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court